2000-NMCA-013

995 P.2d 504

Carol M. LYMAN, Plaintiff–Appellee,

v.

Patti KERN, Individually and as Parent and Next Friend of Charlie L. Kern, and Charlie L. Kern, Defendants–Appellants.

No. 19,771.

Court of Appeals of New Mexico.

Dec. 28, 1999.

Certiorari Denied, No. 26,150, Feb. 11, 2000.

Tandy Hunt, Tandy Hunt, P.C., Roswell, for Appellee.

Ripley B. Harwood, Dale R. Rugge, Jeffries & Rugge, P.C., Albuquerque, for Appellants.

## OPINION

WECHSLER, Judge.

{1} This appeal arises from a trial court order compelling the parties to arbitrate. The underlying dispute arose out of an automobile collision between the parties in May 1994. On appeal, Defendants argue two points: (1) that the trial court's order was not a final order, and they were therefore not obligated to appeal at the time the order was entered; and (2) that the trial court's order compelling the parties to arbitrate was unconstitutional because the order deprived Defendants of their right to a jury trial without a knowing or intentional waiver. We hold that the order compelling the parties to arbitrate was a final order from which Defendants were obligated to appeal within thirty days. Because Defendants failed to timely appeal the order, and instead chose to postpone an appeal until after an arbitration award was rendered against them, we dismiss their appeal.

*Facts and Procedural History*

{2} In May 1994, the motor vehicles driven by Defendant Charlie Kern, a fifteen-year-old, and Plaintiff Carol Lyman collided at an intersection in Roswell, New Mexico. Plaintiff filed her complaint in the Chaves County District Court in June 1996 against Defendant Charlie and her mother Patti Kern (collectively Defendants). Plaintiff sought compensatory damages for medical expenses and property damage. Defendants filed an answer and a jury demand in August 1996.

{3} On November 13, 1996, the trial court held a pretrial hearing in which the court inquired as to whether the parties were amenable to resolving their dispute through the use of alternative dispute resolution. Defendants' counsel responded that he was agreeable to participating in alternative dispute resolution. Defendants' counsel explained,

> [W]e would be happy to participate in mediation or perhaps an arbitration if that's the case rather than proceed through the full trial. I mean, I'd like to exhaust those other avenues before we go through to a three-day trial in this thing.

When asked by the court about his thoughts on arbitration, Defendants' counsel replied, "I would be agreeable with an arbitration in this matter if your Honor can select an arbitrator or provide us with perhaps three names."

{4} After this hearing, Plaintiff submitted a proposed order compelling the parties to proceed to arbitration. The order stated that "all issues between the parties are hereby ordered to be resolved by arbitration." Upon receipt of the order, Defendants filed a motion for presentment, in which they disputed the order submitted by Plaintiff. At the hearing on the motion on April 21, 1997, Defendants' counsel argued that he did not agree to final, binding arbitration. He claimed he had instead contemplated a non-binding form of arbitration that would be appealable de novo to the trial court. Defendants' counsel, an Albuquerque attorney, explained that the second judicial district had adopted a non-binding form of arbitration by local court rule. *See* Rule LR 2–603 NMRA 1999. The trial court determined that the parties had agreed to binding arbitration and that it would sign Plaintiff's order compelling arbitration. The order compelling arbitration was entered on the same day.

{5} Defendants then filed a motion for reconsideration. The trial court held a hearing on this motion on May 20, 1997 and again determined that the parties had formed an agreement to arbitrate. The court noted that the word "arbitration" generally refers to binding arbitration, despite the fact that other judicial districts had implemented other forms of arbitration. It denied Defendants' motion to reconsider.

{6} Thereafter, the parties proceeded to arbitration. The arbitrator awarded $60,000 to Plaintiff for general damages and the trial court subsequently confirmed the arbitration award. After the trial court entered the final judgment, Defendants appealed to this Court.

*Finality of the Order to Compel Arbitration*

{7} The key issue in this appeal is whether the trial court's order compelling the parties to arbitrate was a final order from which Defendants must have appealed within thirty days. *See* NMSA 1978, § 39–3–2 (1966); Rule 12–201 NMRA 1999. Defendants filed their notice of appeal on August 21, 1998, sixteen months after the April 21, 1997 order compelling arbitration was entered. Thus, if the order compelling arbitration was a final order, Defendants failed to appeal the order in a timely fashion and in the absence of unusual circumstances, this court does not have jurisdiction to consider their appeal. *See Aragon v. Westside Jeep/Eagle*, 117 N.M. 720, 722, 876 P.2d 235, 237 (1994) (noting appellate court lacks jurisdiction to hear untimely appeals); *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) ("Only the most unusual circumstances beyond the control of the parties ... will warrant overlooking procedural defects."). In their appeal, Defendants claim that the only final order from which they could have taken an appeal was the order confirming the arbitration award. However, Defendants do not challenge that order in any way. Instead, Defendants attempt to appeal the order compelling arbitration, arguing that the order was not a final order until the confirmation of the arbitration award.

{8} Our Supreme Court has considered whether an order compelling arbitration is a final order. *See Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815–16, 907 P.2d 994, 996–97 (1995). *Britt* described a final order as one in which " 'all issues of law and fact have been determined and the case [is] disposed of by the trial court to the fullest extent possible.' " *Id.* at 815, 907 P.2d at 996 (quoting *Kelly Inn No. 102, Inc., v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992)); *accord B.L. Goldberg & Assocs., Inc.*

*v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985). In formulating the proposition that an order compelling arbitration is a final order that effectively disposes of the action before the trial court, the Supreme Court in *Britt* relied upon *Manning v. Energy Conversion Devices, Inc.*, 833 F.2d 1096, 1102 (2d Cir.1987). In *Manning*, the Second Circuit characterized an order to compel arbitration as " 'the last deliberative action of the court.' " *Id.* (quoting *Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc.*, 62 F.2d 1004, 1005 (2d Cir.1933)). An order compelling arbitration is the last deliberative action because it effectively "dispos[es] of the matter in the [trial court], leaving nothing further to litigate." *Manning*, 833 F.2d at 1102.

{9} In the case on appeal, the order compelling the parties to arbitrate states that "all issues between the parties are hereby ordered to be resolved by arbitration." This statement demonstrates that the trial court delegated resolution of the merits to the arbitration process. The fact that all issues between the parties were referred to arbitration indicates that the trial court divested itself of any further power to address any of the issues of law or fact presented by the case, and had therefore effectively disposed of the case. *See Britt*, 120 N.M. at 816, 907 P.2d at 997 ("[A]s far as the merits of the controversy are concerned, the court is finished with the case when it goes to the arbitrators."). With no questions of law or fact remaining for resolution by the trial court, the order compelling arbitration was a final order. *See Manning*, 833 F.2d at 1102 ("[T]he fundamental justification for appealability is the absence of any remaining lawsuit in the [trial court].").

{10} Defendants' motions for presentment and reconsideration indicate that they were aware of the impact of the referral of the case to arbitration for the ultimate determination of the merits of the case. Defendants strenuously argued at the hearings on both motions that they did not agree to binding arbitration with no right to a de novo appeal in the trial court. Despite these arguments, Defendants did not seek to appeal

from this order and instead submitted names of arbitrators and proceeded to arbitration.

{11} Defendants dispute *Britt*'s applicability to the present case and argue that *Britt*'s underpinnings are questionable because our Supreme Court relied on federal case law that was decided before Congress amended the Federal Arbitration Act to add a section governing appeals. *See* 9 U.S.C. § 16 (1994). Defendants also argue that our Supreme Court would be inclined to adopt the new federal standards for determining when an order compelling arbitration is final. *See Ermenegildo Zegna Corp. v. Zegna*, 133 F.3d 177, 180–82 (2d Cir.1998). The 1988 amendment to the Federal Arbitration Act added a provision that characterizes orders compelling arbitration as interlocutory orders that are not final and therefore not appealable as of right. *See id.;* 9 U.S.C. § 16. While Defendants are correct in their observation that the federal case law relied upon in *Britt* was decided before this amendment, this observation does not affect our analysis. In *Britt,* the arbitration was ordered pursuant to written agreements between insured persons and insurers. The issues, therefore, were subject to New Mexico's arbitration statute, NMSA 1978, §§ 44–7–1 to 44–7–22 (1971) (the Act). The Act does not reflect the same language that appears in Section 16 of the Federal Arbitration Act. *Compare* 9 U.S.C. § 16 *with* § 44–7–19. Because the Act does not replicate the Federal Arbitration Act, we do not ignore New Mexico Supreme Court precedent in order to follow the federal case law interpreting the amended federal statute.

{12} Defendants further question the role of the Act in considering finality in this case. While the Act contemplates a process for enforcing arbitration agreements, the language of the Act describes the arbitration agreements to which it applies as either "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties." Section 44–7–1. Plaintiff argues that the Act applies to her case because the agreement to arbitrate was preserved in the transcript of the hearing below. Plaintiff also argues that if the Act does not apply, the common law of arbitration precludes our review of the order compelling arbitration.

{13} We agree with Defendants that the agreement to arbitrate does not fall within the plain language of Section 44–7–1. The agreement was not written, nor was it a provision in a contract between the parties directing the parties to arbitrate in the future. However, the Act's description of disputes subject to arbitration is not exclusive. *See id.* Although preferably any agreement to arbitrate should be placed in writing, New Mexico continues to recognize common law arbitration. *See Daniels Ins. Agency, Inc. v. Jordan*, 99 N.M. 297, 299, 657 P.2d 624, 626 (1982). Common law applies when arbitration agreements fail to meet statutory formalities. *See Wetzel v. Sullivan, King & Sabom, P.C.*, 745 S.W.2d 78, 81 (Tex.Ct.App. 1988) ("Even if a written agreement is not executed and no writing exists that satisfies the [arbitration statute], a common law right to arbitration is enforceable if an appropriate agreement to submit to arbitration is shown.").

{14} While *Britt* holds that an order compelling arbitration of a written agreement to arbitrate (and thus under the Act) is a final order, no clear rule in New Mexico exists as to whether an order compelling common law arbitration is final. At least one other jurisdiction has recognized such an order as non-final. *See Brennan v. General Accident Fire & Life Assurance Corp.*, 307 Pa.Super. 288, 453 A.2d 356, 357 (1982) (holding that order directing common law arbitration is not appealable). If we adopted this approach, however, we would create a disparity between the way in which appeals are handled as between statutory and common law arbitration. We choose not to create such a disparity. Given the predominance of the Act, it would make little sense to adopt different rules of finality for statutory and common law arbitration. *See Jordan,* 99 N.M. at 299, 657 P.2d at 626 ("[P]rovisions of the [Uniform Arbitration] Act govern where the Act conflicts with the common law."). The practical problem in *Britt* of determining finality based upon the final deliberative act of the trial court is the same in both situa-

tions. *See Britt,* 120 N.M. at 815, 907 P.2d at 996.

**{15}** Generally, a party has only thirty days in which to appeal a final order. *See* § 39-3-2. However, failure to meet the time requirement does not always preclude review, because untimeliness is not necessarily a jurisdictional bar. *See Trujillo,* 117 N.M. at 277, 871 P.2d at 373. Rather, timeliness is only a *"mandatory precondition[ ] to the exercise of jurisdiction." Id.* While there are circumstances under which an untimely appeal can be entertained by an appellate court, none of those circumstances applies to the present case. *See id.* at 277–78, 871 P.2d at 373–74 (noting that untimely appeals have been heard in criminal cases and cases involving court error and might be heard in cases in which litigants have relied on precedent indicating the order appealed from was not a final order). The untimely appeal heard in *Trujillo* was filed within forty-five days of the entry of the appealable order. *See id.* at 275, 871 P.2d at 371; *see also Chavez v. U–Haul Co.,* 1997–NMSC–051, ¶ 9, 124 N.M. 165, 947 P.2d 122 ("[T]he thirty-day period to file a notice of appeal may be extended to a maximum of sixty days."). In this case, sixteen months passed between the order compelling arbitration and the notice of appeal. Defendants participated in the arbitration proceedings after the entry of the final order compelling arbitration instead of exercising their right to appeal the validity of the order. These circumstances do not present "unusual circumstances" beyond Defendants' control that "warrant overlooking" the failure to timely appeal. *Trujillo,* 117 N.M. at 278, 871 P.2d at 374; *cf. Executive Sports Club, Inc. v. First Plaza Trust,* 1998–NMSC–008, ¶ 15, 125 N.M. 78, 957 P.2d 63 (filing of motion for attorney fees created uncertainty as to finality and therefore delay in filing notice of appeal did not render appeal untimely). Due to the lack of circumstances warranting review, we dismiss Defendants' appeal as untimely.

*Waiver of Jury Trial*

**{16}** Defendants also argue that the order compelling arbitration was unconstitutional because it deprived Defendants of their right to a jury trial without a knowing or intentional waiver. *See* N.M. Const. art. II, § 12. In their argument, Defendants rely primarily on the assertion that the order compelling arbitration was not a final order in that it did not say that the arbitration was final and binding. In other words, Defendants argue that the order to arbitrate did not put Defendants on notice that it would operate to waive the right to a trial by jury. Defendants contend that the ambiguity of the order in that regard would have caused this Court to hold the order interlocutory had Defendants appealed from that order. We are not persuaded by this argument. While Defendants appeal now from the trial court's judgment confirming the arbitration award, Defendants' appeal is essentially aimed at the court's order that compelled arbitration. An order compelling arbitration based on the stipulation of the parties does not have to state that the arbitration is binding and that the order is a final order to trigger its appealability.

**{17}** In addressing the finality of the order compelling arbitration under *Britt,* we have addressed Defendants' arguments concerning the waiver of their jury trial. Because the order was final, Defendants were obligated to appeal to preserve their right to jury trial and to challenge the order compelling arbitration. By submitting to arbitration without first appealing the order compelling arbitration, Defendants forfeited their ability to challenge not only the order itself, but also the loss of the opportunity to try their case to a jury. We agree with the Texas Court of Appeals which wrote in similar circumstances:

> It is clear that when a party agrees to have a dispute resolved through arbitration rather than judicial proceeding, that party has waived its right to a jury trial. The situation is analogous to those situations where a party has paid its jury fee and properly requested a jury but proceeds in a trial before the court. In such a situation, the party cannot complain that it was entitled to have a jury decide the issue rather than the court once the court rules adversely to the party's position. Similar-

ly, appellants cannot claim they were entitled to a jury trial after they submitted to arbitration and the arbitrators made an award appellants felt was in error.

*Massey v. Galvan*, 822 S.W.2d 309, 318–19 (Tex.Ct.App.1992) (citations omitted); *cf. Southern Pac. Co. v. Timberlake*, 81 N.M. 250, 253, 466 P.2d 96, 99 (1970) (holding jury trial waived where issue had been decided by a judge).

{18}  Defendants made a jury demand in August 1996 but nonetheless submitted to the arbitration proceedings. Although Defendants challenged the nature of the arbitration and requested the trial court to reconsider its order, Defendants did not appeal and proceeded to arbitrate. Only when the arbitration proceedings resulted unfavorably did Defendants seek to challenge the order compelling them to arbitrate. As a consequence, Defendants cannot complain that the order compelling arbitration deprived them of their right to a jury trial.

*Conclusion*

{19}  For the foregoing reasons, we dismiss this appeal.

{20}  **IT IS SO ORDERED.**

DONNELLY and SUTIN, JJ., concur.