2006-NMCA-083

140 P.3d 525

EDWARD FAMILY LIMITED PARTNERSHIP, a New Mexico limited partnership, Plaintiff/Appellant,

v.

Ronald D. BROWN and Jane W. Brown, jointly constituting a single Partner in Sycamore Plaza, Limited, a New Mexico general partnership, and Sycamore Plaza, Limited, a New Mexico general partnership, Defendants/Appellees,

Ronald D. Brown and Jane W. Brown, Counterclaimants and Third–Party Plaintiffs/Appellees,

v.

Dr. William O. Edward, Third–Party Defendant/Appellant,

Brown & Associates, Inc., a New Mexico general partnership, Plaintiff–in–Intervention/Appellee,

v.

Dr. William O. Edward, individually and as the general partner of Plaintiff, and as the Trustee of the William O. Edward and Mary Lou Edward Revocable Trust dated 3/23/76, Defendant–in–Intervention/Appellant.

No. 25,303.

Court of Appeals of New Mexico.

Feb. 27, 2006.

Certiorari Denied, No. 29,776, May 25, 2006.

Martin E. Threet & Associates, Martin E. Threet, Joey B. Wright, Albuquerque, NM, for Appellants.

Rebecca Sitterly, LLC, Rebecca Sitterly, Kim E. Kaufman, Albuquerque, NM, for Appellees Ronald D. Brown and Jane W. Brown and Brown & Associates, Inc.

## OPINION

WECHSLER, Judge.

{1} In this appeal, involving a multi-claim dispute between partners and related parties, we consider the validity of a referral to arbitration that allows the arbitration panel to determine whether partners are subject to the arbitration. Appellants argued to the district court and to the arbitration panel that arbitration was improper as to them because they were not parties to the partnership agreement. The arbitration panel concluded that all claims in the lawsuit were subject to the arbitration and controlled by the partnership agreement and issued a decision that both sides were not entitled to any recovery. The district court denied Appellants' motion to vacate and confirmed the panel's decision. Because the district court did not originally determine that arbitration was proper as to Appellants, but instead referred that issue to the arbitration panel, and did not subsequently address the issue after the arbitration panel ruled, we reverse the judgment confirming the arbitration award and remand for a proper determination by the district court. We deny Appellees' motion to dismiss the appeal.

## THE PARTIES AND THE LAWSUIT

{2} Sycamore Plaza, Ltd. was formed in 1986. Despite its name, it is a general partnership. Its partners are the William O. Edward and Mary Lou Edward Revocable Trust dated March 23, 1976 (the Revocable Trust) and Appellees Ronald D. Brown and Jane W. Brown (the Browns). The Revocable Trust holds a 75% share of the partnership, and the Browns, both constituting a single partner, hold a 25% share. The Sycamore Plaza partnership, Ltd. agreement states the partnership purpose of leasing and developing a 63.6504 acre tract of land owned by William O. Edward and Mary L. Edward and held by Appellant the Edward Family Partnership, a limited partnership (the Family Partnership). Appellant William O. Edward (Edward) is the trustee of the Revocable Trust. As trustee of the Revocable Trust, he is the only general partner of the Family Partnership.

{3} By a management and leasing agreement dated March 11, 1991, but effective November 16, 1987, Sycamore Plaza, Ltd. appointed Appellee Brown & Associates, Inc. as its exclusive managing and leasing agent and agreed to pay specified fees for the services of Brown & Associates. The Browns owned and operated Brown & Associates.

{4} The Family Partnership began this lawsuit against the Browns for an accounting and then amended its complaint to add Sycamore Plaza, Ltd. as a defendant to request the repayment of indebtedness owed it by Sycamore Plaza, Ltd. The Browns answered and asserted a counterclaim and third-party complaint against Edward, individually and in his capacity as general partner of Sycamore Plaza, Ltd. and as trustee of the Revocable Trust. Brown & Associates, upon intervention, also asserted a counterclaim against the Family Trust and a third-party complaint against Edward. As ultimately amended after court order, the Browns' and Brown & Associates' pleadings allege, inter alia, that Edward used Sycamore Plaza, Ltd., the financial assistance of the Browns, and the services of Brown & Associates for his personal financial benefit, rather than in the interest of Sycamore Plaza, Ltd. According to their pleadings, Edward used the Browns and Sycamore Plaza, Ltd. to obtain funds to build an office building on the Family Partnership property and subsequently sold the building. The Browns asked the court for a declaratory judgment as to whether a partnership existed between Edward and the Browns that formed the basis for the Family Partnership's complaint in the lawsuit. They also alleged claims against Edward and the Family Partnership for breach of fiduciary duty, prima facie tort, fees due on open account, and unjust enrichment, as well as other claims. Brown & Associates alleged claims for fees due on open account, unjust enrichment, fraud and negligent or intentional misrepresentation, and other claims.

## MOTION FOR STAY PENDING ARBITRATION

{5} After the lawsuit had been pending for more than three years and after the Family Partnership and Edward filed a motion to disqualify the Browns' attorney based on a conflict of interest, the Browns, through substituted counsel, moved to stay all proceedings pending arbitration between them and the Revocable Trust under the Sycamore Plaza, Ltd. partnership agreement. They served a demand for arbitration, demanding arbitration between the partners of all issues in controversy between them, including a determination of their capital accounts, of the responsibility for any judgment that may be awarded in the lawsuit, and of the existence of collusion between the Revocable Trust and the Family Partnership. The partnership agreement provides that "[i]f any controversy or claim arising out of this Agreement cannot be settled by the Partners, the controversy or claim shall be settled by arbitration" and sets out the procedures to be followed. In their motion for stay, the Browns contended that there was a "significant identity of interest" between the Family Partnership and Sycamore Plaza, Ltd. because of Edward's position in both entities. They claimed that they were disadvantaged in the lawsuit as minority partner in Sycamore Plaza, Ltd. by virtue of this identity of interest. The Browns pointed out that Sycamore Plaza, Ltd. had requested an order compelling arbitration in its answer previously filed in the lawsuit.

{6} The district court conducted a hearing on the motion for stay. It had before it the affidavit of the Browns' expert witness, Stephen M. Walker, CPA, addressing alternative ways in which a loan incurred by a partner from a third party for the benefit of a partnership can properly be reported for accounting purposes: as a partnership debt to the third party or as an increase in the capital account of the partner obtaining the loan. According to the affidavit, if the debt is reflected within the capital accounts of the partnership, that adjustment "remains purely within the partnership records of account." If it is not so reflected, there is debt outside the partnership to a third party. After hearing argument, the district court noted that the Family Partnership had argued in a pleading that all the Browns' claims were between partners and subject to arbitration under the partnership agreement. The district court stated that it was "going to grant

the motion to stay pending arbitration." It stated that the arbitration would be between the general partners of Sycamore Plaza, Ltd. In the following exchange, the district court then further addressed the scope of the arbitration as to parties other than the Sycamore Plaza, Ltd. partners.

MS. SITTERLY:. . . .

In the demand for arbitration, one of the things that we have raised in the arbitration is, are these people all the same entities. So that's clear that that's one of the things that we're saying that the arbitrators will be considering. And the rules—

THE COURT: Now why is that necessary?

MS. SITTERLY: Well—

THE COURT:—for the arbitration?

MS. SITTERLY: Because the issue of the capital accounts is right smack in the middle of this. And you've got people on the outside of the partnership—it's in Mr. Walker's affidavit why that's central. If you've got-there's two ways that you could account for this. They're the same party. If they are the same party, this could have been handled in the capital accounts and there is no third-party debt to any third party out there. If they really are the same entity, this is something that's just handled within the partnership; there's no lawsuit back and forth for a debt.

THE COURT: Does the—well, let's look at what's arbitrable. "If any controversy or claim arising out of this agreement can't be settled by the partners, the controversy shall be settled by arbitration."

MS. SITTERLY: Exactly.

THE COURT: And so what you're saying is any controversy or claim arising out of this agreement includes who's party to the agreement?

MS. SITTERLY: It includes the issue of the capital accounts. That's central to this. And who has—

THE COURT: Well, if the capital accounts—okay. I understand Mr. Walker to say if you treat it one way, it gets—one person's capital account increases; if you treat it another way, it's a debt. With—if

the capital account increases, then you just resolve it within the partnership.

MS. SITTERLY: Right. And it's in the demand for arbitration—which has not been objected to-the statement of the issues. It's in the demand for the arbitration: Who are these people? [W]ho is the capital account really going to?

It's in paragraph—I would say let the arbitrators take a whack at what the issues are, but they should decide pursuant to the plain language. But here is the affidavit, Your Honor. It's paragraph 6. If we're really getting debt relief from a third party, that's one thing, for a capital account.

If it's not really a third party, then Mr. Brown shouldn't have taken that capital loss, which is another issue that was presented to you in these exhibits; that he objected to taking that capital loss between the partners because it wasn't—it's not—it really wasn't Dr. Edward. It was Dr. Edward, the Edward Family Limited Partnership, that made a decision to sell the land and then didn't allocate it right and turned around and hit him with the capital loss.

So the whole thing is useless if they can't get there. I mean, there's no point in—we might as well leave it all here if you can't get there.

MR. THREET: Let's leave it all here with the judge.

THE COURT: Nope. That's—you—I did not look carefully enough at the demand for arbitration. Ms. Sitterly, that's part of your demand. The arbitrators can decide what they're going to decide, and that includes—so I take back what I said. It's in the demand for arbitration. The arbitrator's going to have a chance to take a whack at it.

MR. THREET: My understanding, then, the Court says, regardless of who signed the account, the contract, that we can bring in everybody, including Brown & Associates, the Edward Family Limited Partnership and everybody else if that's what we're going to do. I don't understand what the Court is saying.

THE COURT: Well, I think I've made myself as clear as I can. Ms. Sitterly is

going to prepare an order, and I'll give you a crack at it. Thank you. Court is in recess.

The district court apparently referred to arbitration the issue of which entities were subject to the partnership agreement in order to determine whether and how the partnership's capital accounts should be adjusted.

## MOTION TO DISMISS APPEAL

■ {7} We first address the motion of the Browns and Brown & Associates to dismiss the appeal, which we have held in abeyance pending submission of this case to a panel. The Browns and Brown & Associates contend that this Court is without jurisdiction to entertain this appeal. According to the Browns and Brown & Associates, the district court's oral ruling referring the case to arbitration was the court's final order from which the Family Partnership and Edward had the obligation to appeal. They argue that the appeal is untimely because the Family Partnership and Edward did not file a notice of appeal until after the order confirming the arbitration award. The Family Partnership and Edward respond that an appeal was not proper from the district court's oral ruling and that the Browns and Brown & Associates were designated by the court to prepare the written order.

■ {8} Our determination does not depend on the lack of a written order, but on the lack of a final disposition. An order referring issues to arbitration is a final, appealable order if it is the "last deliberative action of the court with respect to the controversy before it." *Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815, 907 P.2d 994, 996 (1995) (internal quotation marks and citation omitted). It is the last deliberative order of the court if it "effectively disposes of the action" before the court, "leaving nothing further to litigate." *Lyman v. Kern*, 2000–NMCA–013, ¶ 8, 128 N.M. 582, 995 P.2d 504 (internal quotation marks and citation omitted). In *Britt*, our Supreme Court held that an order referring to arbitration issues of liability and damages in a personal injury case was a final, appealable order. *Britt*, 120 N.M. at 815, 907 P.2d at 996. In *Lyman*, this Court held that an order stating that "all

issues between the parties are hereby ordered to be resolved by arbitration" was likewise a final, appealable order. *Lyman*, 2000–NMCA–013, ¶ 9, 128 N.M. 582, 995 P.2d 504. We stated that the language of the order indicated that the court "divested itself of any further power to address any of the issues of law or fact presented by the case, and had therefore effectively disposed of the case." *Id.*

{9} The district court's action in this case was different. It acknowledged the Browns' and Brown & Associates' argument based on their expert's affidavit that the issues before the court were subject to alternative accounting treatment depending on whether Edward, the Family Partnership, and the Revocable Trust were treated as the same party. If they were so treated, there would be no debt to any party outside the Sycamore Plaza, Ltd. partnership and the issues between the parties could be resolved within the partnership capital accounts. If there was external debt, the district court recognized that the case could not be resolved in arbitration because the debt extended beyond the partnership. It therefore stated that "[t]he arbitrator's going to have a chance to take a whack at it." Implicit in this statement is the determination that the matter would return to the district court if the arbitration panel did not dispose of all issues within the partnership capital accounts. With this directive, leaving open the possibility that the district court would need to later rule on the substance of claims before it, the district court did not effectively dispose of the case or divest itself of the power to further rule on case issues. We deny the Browns' and Brown & Associates' motion to dismiss the appeal.

## ERROR IN ARBITRATION ORDER

■ {10} The Family Partnership and Edward argue on appeal, as they did to the district court in opposition to the stay and in their motion to vacate the arbitration award, that their claims were not subject to arbitration because they are not parties to the Sycamore Plaza, Ltd. partnership agreement containing the arbitration clause. Thus, they deny the existence of the arbitration agreement as to their interests. Arbitration is a

product of a written agreement to engage in arbitration as an alternative to the judicial process to resolve a dispute. *See Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 2002–NMCA–030, ¶ 51, 131 N.M. 772, 42 P.3d 1221. *But see Eagle Laundry v. Fireman's Fund· Ins. Co.*, 2002–NMCA–056, ¶ 15, 132 N.M. 276, 46 P.3d 1276 (noting that the Arbitration Act applies only to written agreements, but that common law agreements may still be enforceable). As a general rule, an arbitration clause is only binding on the parties to the underlying agreement and not on third parties. *See Horanburg v. Felter*, 2004–NMCA–121, ¶ 16, 136 N.M. 435, 99 P.3d 685. In referring the case to arbitration, the district court apparently concluded that one of the issues arising out of the partnership agreement was the question of whether the entanglement of the Revocable Trust with the Family Partnership and Edward should make the Family Partnership and Edward subject to the partnership agreement and, therefore, subject to the resolution of the partnership capital accounts.

{11} On the Family Partnership's and Edward's objection to arbitration, the district court properly conducted a hearing to summarily determine whether an arbitration agreement required arbitration of the case. The parties do not dispute that NMSA 1978, § 44–7–2(A) (1971) (repealed 2001) of the New Mexico Uniform Arbitration Act applies. It reads:

> On application of a party showing an agreement described in Section 1 [44–7–1 NMSA 1978] and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

*Id.*

{12} The difficulty with the district court's summary determination is that the district court never addressed the Family Partnership's and Edward's objection that they were only third parties and not parties to the partnership agreement. The district court instead appeared to reason that the arbitration clause governed the partners' capital accounts and that resolution of the capital accounts depended on a determination of the extent to which the Revocable Trust was entangled with the Family Partnership and Edward. It determined that the entanglement issue was subject to arbitration and sent the case to the arbitration panel "to have a chance to" resolve the issue.

{13} The "threshold issue of whether there was an existing agreement requiring arbitration is a matter for the court, not the arbitrator." *Gonzales v. United Sw. Nat'l Bank of Santa Fe*, 93 N.M. 522, 523, 602 P.2d 619, 620 (1979); *see also Campbell v. Millennium Ventures, LLC*, 2002–NMCA–101, ¶ 13, 132 N.M. 733, 55 P.3d 429. It is a question of law that is subject to de novo appellate review. *See Santa Fe Techs., Inc.*, 2002–NMCA–030, ¶ 51, 131 N.M. 772, 42 P.3d 1221. In this case, the threshold issue was whether the Family Partnership and Edward were bound by the partnership agreement.

{14} The Browns and Brown & Associates contend that although the Family Partnership and Edward are not parties to the partnership agreement, the Family Partnership and Edward do not dispute that the parties "made no distinction between themselves and their legal entities in their dealings over the Sycamore Plaza Project." Yet the Family Partnership and Edward specifically argued in their response to the motion for stay and in their argument before the district court that they were not parties to the agreement and should not be bound by it. Before the district court addressed the capital accounts issue, it stated that "the arbitration is going to be between Brown as general partner and the [Revocable] Trust as the other general partner." It did not make any factual determination that the Family Partnership and Edward conducted themselves in such a manner as to be treated together with the Revocable Trust.

{15} The Browns and Brown & Associates also contend that the district court determined as a matter of equity that "Edward and the Browns should be treated as the real parties in interest." But the district

court's language was otherwise. It specifically addressed the alternative methods of addressing the controversy and noted the way in which the controversy could be resolved within the partnership. It gave to the arbitration panel the decision of "what they're going to decide." A court may not delegate to the arbitrator its obligation to decide the threshold issue of the existence of a binding arbitration agreement. By referring the case to the arbitration panel without deciding that the Family Partnership and Edward were bound by the partnership agreement and the arbitration clause, the district court improperly delegated the issue to the arbitration panel.

{16} We note that the district court may have had the opportunity to clarify its oral ruling in a written order if the proper procedure for entering an order had been followed. However, the district court did not enter a written order, and we cannot conjecture about action the district court might have taken. The controversy that the district court referred to the arbitration panel included the issue of the parties to be bound by the Sycamore Plaza, Ltd. partnership. That issue involved the unresolved factual question of whether the Family Partnership and Edward and the Revocable Trust acted in such a manner as to bind the Family Partnership and Edward to the partnership agreement. With this factual matter unresolved, the referral to the arbitration panel was improper. *See DeArmond v. Halliburton Energy Servs., Inc.,* 2003–NMCA–148, ¶ 4, 134 N.M. 630, 81 P.3d 573 (considering a summary order of arbitration, entered without an evidentiary hearing of findings of fact, to be subject to the same standard of review as a grant of summary judgment and stating that the order is not proper as a matter of law if there is a genuine issue of material fact).

## MOTION TO VACATE AND CONFIRMATION OF ARBITRATION AWARD

{17} The arbitration panel decided the factual questions and found that all the parties intended the partnership agreement to control their dealings concerning the Sycamore Plaza, Ltd. property and that the partnership agreement controlled the claims in the lawsuit. It decided that, as a result of obligations that offset each other, the parties should take nothing by virtue of the claims. The Browns and Brown & Associates moved the district court to confirm the arbitration award. The Family Partnership and Edward moved to modify or vacate the award. They contended in their motion that the arbitration panel exceeded its jurisdiction by addressing the claims of the Family Partnership and Edward and Brown & Associates. We review the district court's order confirming the arbitration award and denying the motion to vacate for abuse of discretion. *See Campbell,* 2002–NMCA–101, ¶ 13, 132 N.M. 733, 55 P.3d 429. A court abuses its discretion if it misapplies the law. *Wilson v. Mass. Mut. Life Ins. Co.,* 2004–NMCA–051, ¶ 21, 135 N.M. 506, 90 P.3d 525, *cert. denied,* 2004–NMCERT–004, 135 N.M. 562, 563, 91 P.3d 603, 604.

{18} At the hearing on the motions, in ruling on the motion to vacate, the district court, with a new presiding judge, stated that it agreed with the Family Partnership and Edward that "the arbitrators did not have the authority to determine what was arbitrable." It concluded that the prior judge had made "a judicial determination that the issues in this matter were arbitrable and that the matter should have been submitted to arbitration." As we have discussed, the district court did not originally make a proper judicial determination concerning the scope of the arbitration clause and did delegate this authority to the arbitration panel. As a result, the district court abused its discretion in confirming the arbitration award.

## REMAND

{19} Although we recognize the strong public policy favoring arbitration to resolve disputes under the Arbitration Act, the necessary procedures must be followed to ensure the protection of the rights inherent in the judicial process. *See Lisanti v. Alamo Title Ins. of Tex.,* 2002–NMSC–032, ¶ 17, 132 N.M. 750, 55 P.3d 962. The district court did not follow the necessary procedure in this case because it did not determine the threshold issue of the existence of an arbitration agreement binding the Family Partnership and Edward before referring the case to arbitration. We therefore remand to the

district court to make such determination. Although the arbitration panel has made this factual determination, it did not have the authority to do so. Moreover, its decision is subject to only limited review by the district court. *See Fernandez v. Farmers Ins. Co. of Ariz.,* 115 N.M. 622, 625, 857 P.2d 22, 25 (1993) (noting that Arbitration Act generally limits review to "allegations of fraud, partiality, misconduct, excess of powers, or technical problems in the execution of the award"). On remand, the district court need only make a summary determination as required by Section 44–7–2(A) and may consider anything in the record properly bearing on its consideration.

## CONCLUSION

{20} We reverse the final judgment and order confirming arbitration award and remand for a determination as to whether the Family Partnership and Edward are bound by the arbitration clause of the partnership agreement.

{21} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and RODERICK T. KENNEDY, Judges.