This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CENTURY BANK, A NEW MEXICO**
**BANKING CORPORATION,**

Plaintiff-Appellee,

v.                                                    **NO. 33,045**

**PRAXIS ARCHITECTS, INC.,**
**A NEW MEXICO CORPORATION,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia LaMar, District Judge**

Cuddy & McCarthy, LLP
Charlotte H. Hetherington
Santa Fe, NM

for Appellee

Sommer, Udall, Sutin, Hardwick & Hyatt, P.A.
Jack N. Hardwick
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Appellant Praxis Architects, Inc. (Praxis) appeals from the district court's summary judgment ruling that Appellee Century Bank's (Century) mortgage lien on a piece of real property had priority over Praxis's mechanic's lien on the property. The summary judgment order was entered on September 8, 2011, and Praxis initially appealed the summary judgment ruling to this Court in 2012. We dismissed the appeal for lack of a final judgment. *See Century Bank v. Artyard Ltd. P'ship*, No. 31,939, mem. op. at 5 (N.M. Ct. App. May 22, 2012) (non-precedential). On remand, the district court entered a stipulated judgment on January 23, 2013, pursuant to a stipulated judgment that resolved all claims between Century and four ancillary defendants, foreclosing Century's mortgage. The district court then approved a special master's sale of the property on April 19, 2013, and entered a stipulated judgment dismissing Praxis's cross-claims against three of the ancillary defendants on June 13, 2013. Praxis then filed a notice of appeal as to Century only on July 12, 2013. Because we determine Praxis failed to timely appeal its claims against Century, and instead chose to postpone an appeal until after Century's involvement in the case had been concluded for nearly three months, we dismiss its appeal.

**BACKGROUND**

{2}     Century filed a complaint for money due on a promissory note to foreclose a mortgage, appoint a receiver, and enforce commercial guaranties, naming as defendants Praxis and six additional parties.[1] The subject of the lawsuit was a piece of real property located in Santa Fe, New Mexico on which Praxis filed a claim for a mechanic's lien in the office of the Clerk of Santa Fe County. Praxis answered Century's complaint and asserted a counterclaim that sought declaratory judgment that Praxis's lien had priority over Century's mortgage lien.

{3}     Century filed a motion for summary judgment alleging there were no issues of material fact as to the priority of Century's mortgage lien over Praxis's lien and asserting that Century's mortgage is a first and prior lien because it was recorded before any work commenced on any buildings, improvements, or structures on the property. Praxis responded contending that disputed material facts existed regarding whether construction activities constituting the commencement of work by Praxis were performed prior to execution of Century's mortgage lien. Praxis asserted that its lien had priority over Century's mortgage lien because Praxis commenced work on the property before Century recorded the mortgage and because Century had actual knowledge of the work performed prior to the execution of the mortgage.

---

[1] The six additional defendants are not parties to this appeal, thus we include discussion of them only as relevant to our resolution of this case.

**{4}** On September 8, 2011, the district court granted summary judgment in favor of Century and dismissed Praxis's counterclaim. It additionally ordered Praxis to cancel its lien of record. The district court then awarded Century costs and attorney fees and ruled that the order granting summary judgment was a final and appealable order pursuant to Rule 1-054(B)(2) NMRA (stating that when multiple parties are involved, the district court may enter final judgment adjudicating all issues as to one or more, but fewer than all parties).

**{5}** Praxis appealed to this Court arguing that the district court order granting summary judgment was substantively erroneous, and appealed the district court's determination that it had issued a final appealable order in the first place. We agreed with Praxis that the orders were non-final, and in a memorandum opinion summarily dismissed the appeal on the grounds that neither of the district court's orders were immediately reviewable pursuant to Rule 1-054(B)(2). *See Artyard Ltd. P'ship*, No. 31,939, mem. op. at 5. We remanded the case to district court for further proceedings.

**{6}** Following remand the district court entered a stipulated judgment on January 23, 2013,"settling all claims between Century" and the four ancillary defendants. On the signature line counsel for Praxis—a party to the order despite having summary judgment granted against it—handwrote the notation "by presentment, subject to the appellate claims of Praxis." A judgment of foreclosure was issued regarding the

4

property at issue and the district court approved appointment of a special master to conduct a judicial sale in foreclosure. The district court specifically ruled that "[t]he [p]roperty shall be conveyed free and clear of all liens and encumbrances determined to be junior to or inferior to Century's [m]ortgage on the [p]roperty[.]" Additionally, the court ordered that "[a]ll proceeds from the sale (after costs of sale) shall be used to satisfy . . . debts to Century[.]" Following auction of the property, the district court entered an order on April 19, 2013 approving a special master's sale of the property. On June 13, 2013, the district court entered a final stipulated order dismissing Praxis's cross-claims against the remaining three ancillary defendants. The order did not include Century in any substantive capacity. On July 12, 2013, Praxis filed a notice of appeal against Century. Praxis again argues that the district court's ruling that Century's mortgage lien had priority over Praxis's lien was incorrect as a matter of law.

**DISCUSSION**

{7}     Before reaching the merits of this appeal we must initially determine whether the January 23, 2013 stipulated judgment, or the April 19, 2013 order approving a special master's sale of the property, were final orders as to Century from which Praxis must have appealed within thirty days. *See* NMSA 1978, § 39-3-2 (1966); Rule 12-201(A)(2) NMRA (requiring a notice of appeal to be filed within thirty days after

5

the judgment or order appealed from is filed in district court). "Determining whether [an] appeal was timely involves the interpretation of court rules, which we review de novo." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865. Praxis filed its second notice of appeal on July 12, 2013, nearly seven months after the January stipulated judgment resolving Century's remaining claims in the case, and nearly three months subsequent to the order approving the sale of the property from which Century stood to benefit. Thus, if either of these orders were final orders as to Century, Praxis "failed to appeal the order in a timely fashion and in the absence of unusual circumstances, this [C]ourt does not have jurisdiction to consider [the] appeal." *Lyman v. Kern*, 2000-NMCA-013, ¶ 7, 128 N.M. 582, 995 P.2d 504.

{8} On appeal, Praxis claims that the only final order from which it could have appealed was the June 13, 2013 stipulated order dismissing Praxis's cross-claims against the remaining defendants because this order disposed entirely of all Praxis's remaining cross-claims. However, Praxis does not challenge that order in any substantive way. Instead, Praxis seeks review of the district court's September 8, 2011 order granting summary judgment to Century.

{9} Rule 1-054(B) governs judgments upon multiple claims or involving multiple parties. Subsection (B)(2) provides that "when multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties.

Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment." *Id.* "An order is final when all issues of law and fact have been determined and the case is disposed of by the district court to the fullest extent possible." *In re Adoption of Homer F.*, 2009-NMCA-082, ¶ 9, 146 N.M. 845, 215 P.3d 783.

{10}    At the outset, we observe that our review of both the January 23 stipulated judgment and the April 19 order reveal that the district court included no language indicating that the orders should be considered anything other than a final judgment for purposes of Rule 1-054(B)(2). Furthermore, in focusing our attention to the April 19 order, we note that the order approved and confirmed the special master's sale of the property on which Praxis disputed priority of its lien. Previously, the court had issued an order in Century's favor on January 23, concluding that the property was to be foreclosed, sold, and all proceeds were to be paid to Century in satisfaction or partial satisfaction of its lien. The April 19 order was the last action of the district court to which both Century and Praxis were interested parties, and this action wholly disposed of the property in dispute. While Praxis contends that this order could not have been final as there were still cross-claims pending as to remaining defendants, we note that Rule 1-054(B)(2) does not require the adjudication of all issues as to all parties, but merely all issues as to one or more parties. At the time the district court

7

approved the sale of the property, having given notice by its January order that it had intended to do exactly that, no remaining issues between Century and Praxis remained pending as the property in dispute was sold and the deed was to be delivered to Century. Thus, this order was final and Praxis failed to appeal within thirty days, divesting this Court of its power of jurisdiction. *See Lyman*, 2000-NMCA-013, ¶ 7.[2]

{11}    In its reply brief, Praxis asks us to exercise our discretion to review this appeal given Praxis's earlier attempt to bring this appeal to this Court and the "confusion caused by the [district] court's erroneous ruling that the September 8, 2011[] order granting summary judgment was a final order[.]" Praxis contends that dismissal of the appeal "would be 'extreme' under the unusual circumstances before the Court." Yet we observe that Praxis itself sought a conclusion that the district court's order was non-final, and prevailed on that assignment of error to the district court. While we recognize that it is unfortunate that Praxis's earlier appeal entailed a conclusion that review of the district court's summary judgment order was premature, and its current appeal is now determined to be untimely, we note that Praxis was acutely aware that the order granting summary judgment was non-final, and would presumably become final as to Century in the ordinary course of the ensuing litigation on remand. Insofar

---

[2]Because we conclude that the April 19 order was final for purposes of appeal, we need not consider the finality of the January 23 stipulation judgment.

8

as Praxis now asks us to exercise our discretion and review the current appeal, our Supreme Court has instructed that "[c]ounsel should not rely on the court's munificence when filing notices of appeal." *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 117 N.M. 273, 871 P.2d 369. "Only the most unusual circumstances beyond the control of the parties . . . will warrant overlooking procedural defects." *Id*. While Praxis asserts there are "unusual circumstances before the Court[,]" it fails to articulate what it contends those circumstances to be. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what his arguments might be."). Accordingly, we decline Praxis's invitation to exercise our discretion to review this appeal.

**CONCLUSION**

{12}    For the foregoing reasons, we dismiss Praxis's appeal as untimely pursuant to Section 39-3-2 and Rule 12-201(A)(2).

{13}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

9

_____

**RODERICK T. KENNEDY, Judge**