This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NEW MEXICO HIGHLANDS**
**UNIVERSITY,**

Plaintiff-Appellant,

**v.**                                                        **NO. A-1-CA-35125**


**MAKWA BUILDERS, LLC, a**
**New Mexico limited liability**
**corporation,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Sutin, Thayer & Browne
Stevan Douglas Looney
Mariposa Padilla Sivage
Albuquerque, NM

for Appellant

Salamirad, Morrow, Timpane & Dunn, LLP
Robert J. Berens
Phoenix, AZ

P. Reid Griffith, P.A.
Philip Dabney

Los Alamos, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    In this consolidated appeal, we are asked to consider whether the district court erred by (1) granting Makwa Builders, LLC's (Makwa) motion to compel arbitration, and (2) denying New Mexico Highlands University's (Highlands) Rule 1-012(B)(6) NMRA motion to dismiss Makwa's counterclaims. Concluding that there exists a valid and enforceable arbitration agreement between the parties, we affirm the district court's order granting Makwa's motion to compel arbitration. We quash Highlands' interlocutory appeal of the district court's denial of its motion to dismiss as improvidently granted.

**BACKGROUND**

{2}    We first summarize pertinent events surrounding the ill-fated construction contract the parties entered into that they hoped would generate a new student union building on the Highlands campus at a cost of $16,006,000. Dr. James Fries, the then-president of Highlands, signed the contract on behalf of Highlands on June 15, 2010. The contract contained two provisions critical to this appeal: first, the "Binding Dispute Resolution" section of the contract contained a check-the-box option for the

parties to select either (1) arbitration, (2) litigation in a court of competent jurisdiction, or (3) some other method to be specified by the parties as their method of resolving disputes. The parties selected arbitration. Second, the contract contained a clause exercisable by Highlands to terminate the contract "for [its] convenience and without cause[,]" along with various ancillary provisions triggered by Highlands' exercise of that right.

{3} On February 27, 2012, Highlands elected to exercise its right to terminate the contract. Highlands notified Makwa of the termination by letter on that date, which also informed Makwa—based upon Makwa's rights under the contract as the non-terminating party—that "[o]nce Makwa has left the [p]roject site, [Highlands] expects to be provided with a substantiated and reasonable figure reflecting amounts due for [w]ork executed in January and through February 27, 2012, costs incurred by reasonable termination, and what [Makwa] believes is reasonable overhead and profit on the remaining contract balance." On April 30, 2012, Makwa submitted a statement for payment to Highlands, seeking approximately $3.2 million in accordance with the terms of the contract's termination-for-convenience provision. On August 10, 2012, Highlands rejected Makwa's statement for payment.

{4} In accordance with Article 15 of the contract, which governs claims and disputes, Makwa next submitted a "Notice of [Termination for Convenience] Claim"

to Highlands on August 30, 2012. As it had with Makwa's statement for payment, Highlands rejected Makwa's August 30 claim on September 10, 2012. The next day—September 11, 2012—Highlands filed a complaint for declaratory judgment in district court seeking to have the arbitration provision of the contract declared "void and unenforceable." The complaint explained that Highlands' "rejection of Makwa's claim allows Makwa to trigger the contractual dispute resolution process that, if it were valid and enforceable, includes the arbitration provision contained in the [c]ontract." Thus, within twenty-four hours and before Makwa could practically invoke the arbitration provision provided for within the contract governing the parties' agreement and responsibilities, Highlands sought to have the arbitration provision deemed unenforceable.

{5}     Rather than immediately answer Highlands' complaint for declaratory judgment, on September 28, 2012, Makwa filed a request for mediation with the American Arbitration Association (AAA) in accordance with Section 15.3 of the contract.[1] While awaiting mediation and still without having answered Highlands' complaint for declaratory judgment, on October 3, 2012, Makwa filed a voluntary petition seeking protection from its creditors in the Bankruptcy Court for the District

[1]The contract provides that claims "shall be subject to mediation as a condition precedent to binding dispute resolution" and requires the parties to "endeavor to resolve their [c]laims by mediation[.]"

4

of New Mexico. Makwa's petition resulted in an automatic stay of Highlands' declaratory judgment action, which Makwa then removed to the Bankruptcy Court over Highlands' objection.

{6}     While Makwa's bankruptcy petition was pending in the bankruptcy court, the parties twice attempted mediation in 2013—first on January 31, then on November 7 and 8—but were unable to settle Makwa's claims. On February 11, 2014, the bankruptcy court remanded the declaratory judgment action to the district court, finding that the Bankruptcy Court was required to abstain from hearing the matter under 28 U.S.C. § 1334(c)(2) (2012); *see N.M. Highlands Univ. v. Makwa Builders, LLC* (*In re Makwa Builders, LLC*), Ch. 11 Case No. 12-13664, Adv. No. 12-01305, 2014 WL 555266 (Bankr. D.N.M. Feb. 11, 2014).

{7}     Thereafter on April 2, 2014, Makwa filed a motion to compel arbitration in the district court under NMSA 1978, Section 44-7A-8(a) (2001), of New Mexico's Uniform Arbitration Act. Highlands opposed Makwa's motion on the grounds that the motion sought "to have the [district c]ourt prematurely conclude that there is a valid and enforceable arbitration provision, when that question is the very core of the dispute[.]" Highlands also complained that Makwa had never filed an answer or other responsive document to Highlands' original September 2012 complaint and argued that Makwa's motion was "procedurally improper." Highlands did not, however,

contend that Makwa's motion was untimely. On May 8, 2014, Makwa filed a demand for arbitration with the AAA in which Makwa asserted claims for (1) breach of contract, (2) violation of the Prompt Payment Act, NMSA 1978, § 57-28-5(A) (2007), (3) unjust enrichment, and (4) breach of the duty of good faith and fair dealing.

{8}      While Makwa's motion to compel arbitration was still pending, Makwa on August 8, 2014, filed an answer to Highlands' first amended complaint for declaratory judgment in which Makwa asserted counterclaims for breach of contract and other causes of action in connection with the parties' June 2010 contract. Makwa noted that it was asserting counterclaims "[t]o preserve Makwa's claim in the event that [the district court] determines that the [a]rbitration [p]rovisions in the [c]ontract [are] invalid and unenforceable[.]" Highlands moved to dismiss with prejudice Makwa's counterclaims, arguing that Makwa "filed its counterclaims after the expiration of the two-year statute of limitation." Makwa argued that its counterclaims were timely filed based on either (1) the tolling provision of 11 U.S.C. § 108 (2012) of the Bankruptcy Code, which Makwa contends applies to NMSA 1978, Section 37-1-23(B)'s (1976) two-year waiver of sovereign immunity under the United States Supreme Court decision in *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006), or (2) the fact that Makwa's claims did not accrue until August 10, 2012—the date Highlands informed Makwa that it was refusing to pay Makwa's April 30, 2012,

statement for payment—making Makwa's filing of counterclaims on August 8, 2014, timely under Section 37-1-23(B).

**{9}** Before deciding Makwa's earlier and still-pending motion to compel arbitration, the district court denied Highlands' motion to dismiss based on its conclusion that *Katz* and 11 U.S.C. § 108 tolled the two-year statute of limitations, thus making Makwa's counterclaims timely. On motion by Highlands, the district court certified its order denying Highlands' motion to dismiss for interlocutory appeal, concluding that resolution of the motion "involves a controlling question of law as to which there is substantial grounds for difference of opinion." At the same time, the district court considered and granted Makwa's motion to compel arbitration, having concluded that the contract's arbitration provision was "valid and enforceable."

**{10}** This Court granted Highlands' application for interlocutory appeal of the district court's order denying its motion to dismiss Makwa's counterclaims, and Highlands appealed by right the district court's order granting Makwa's motion to compel arbitration. *See* Rule 12-203 NMRA; *Sisneros v. Citadel Broad. Co.*, 2006-NMCA-102, ¶ 9, 140 N.M. 266, 142 P.3d 34 (explaining that the district court's order granting a motion to compel arbitration "is a final order subject to immediate appeal"). The two cases were consolidated on appeal.

**DISCUSSION**

{11} The initial dispute between the parties involved only the question of the enforceability of the contract's arbitration provision. Had the district court initially resolved this central dispute in the manner it later did, the court would then have been divested of jurisdiction to render decisions on other matters related to the case, i.e., Highlands' motion to dismiss Makwa's counterclaims based on the timeliness thereof. *See* § 44-7A-8(g) ("If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."); *K.L. House Const. Co. v. City of Albuquerque*, 1978-NMSC-025, ¶ 7, 91 N.M. 492, 576 P.2d 752 ("[C]ourts perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration. Once it appears that there is, . . . the court's inquiry is ended." (internal quotation marks and citation omitted)); *cf. Lyman v. Kern*, 2000-NMCA-013, ¶ 9, 128 N.M. 582, 995 P.2d 504 (explaining that "[t]he fact that all issues between the parties were referred to arbitration indicates that the trial court divested itself of any further power to address any of the issues of law or fact presented by the case," and holding that the district court's order compelling arbitration was a final order for purposes of appeal). However, for reasons that are not clear from the record, the district court did not "proceed summarily to decide the issue" presented by Makwa's motion to compel arbitration as required by the Uniform Arbitration Act. *See* § 44-7A-

8(a)(2) ("On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate[,] . . . if the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."). Instead, the district court first considered and decided Highlands' motion to dismiss Makwa's counterclaims, which Makwa filed months after its motion to compel arbitration and only as a precautionary measure in the event the district court concluded there was no enforceable arbitration provision.

{12}     This resulted in a ruling on Highlands' motion to dismiss that not only was unnecessary but also transmuted a potentially straightforward matter into a far more complex undertaking. That is because in denying Highlands' motion to dismiss Makwa's counterclaims, the district court relied on *Katz*, a federal case dealing with the constitutional question of the ability of state agencies to invoke the defense of sovereign immunity in bankruptcy proceedings, *see id.*, 546 U.S. at 360-62, in order to construe the applicable statute of limitations period under Section 37-1-23. In turn, this Court granted interlocutory appeal to review the district court's order denying the motion to dismiss because it indeed involved what appeared to be a controlling question of law as to which there is substantial grounds for difference of opinion, i.e.,

9

whether *Katz* and § 108 of the Bankruptcy Code tolled the statute of limitations for Makwa to bring a contract-based counterclaim against Highlands in the instant case.

{13}     Upon review of the complete record, however, it is clear that the question of whether *Katz* and § 108 compel the tolling of the limitations period under Section 37-1-23 does not control the disposition of this case and, in fact, should not have been reached in the first instance by the district court. *See* § 44-7A-8(a)(2) (providing that upon a party's motion to compel arbitration and the other party's refusal to arbitrate, "the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate"); *Bernalillo Cty. Med. Ctr. Emps.' Ass'n v. Cancelosi*, 1978-NMSC-086, ¶ 4, 92 N.M. 307, 587 P.2d 960 ("Under [the Uniform Arbitration] Act it is the court's duty to order arbitration where provision for it is clear. Where provision for arbitration is disputed, the court's function is to determine whether there is an agreement to arbitrate and to order arbitration where an agreement to arbitrate is found."); *see also Lovelace Med. Ctr. v. Mendez*, 1991-NMSC-002, ¶ 12, 111 N.M. 336, 805 P.2d 603 ("It is, of course, a well-established principle of statutory construction that statutes should be construed, if possible, to avoid constitutional questions."). We thus exercise our discretion to quash Highlands' interlocutory appeal as improvidently granted. *See Ellis v. Cigna Property & Cas. Cos.*, 2007-NMCA-123, ¶¶ 15-16, 142 N.M. 497, 167 P.3d 945.

**{14}** The only issue before this Court, then, is whether the district court properly granted Makwa's motion to compel arbitration. We conclude that it did.

**{15}** Highlands argues that the district court erred by not holding an evidentiary hearing on "the factual issues raised in" Highlands' complaint for declaratory judgment before granting Makwa's motion to compel arbitration. Highlands argues that "[o]nly if there is no dispute over the existence of an arbitration agreement can the court find such an agreement exists as a matter of law." According to Highlands, there exist genuine disputed issues regarding whether Dr. Fries "had the authority, or was delegated the authority by the Board, to bind [Highlands] to arbitration" and whether "there was a meeting of the minds or intent by the Board to waive sovereign immunity in an arbitration forum." We disagree.

**{16}** The undisputed facts establish that Dr. Fries, "on behalf of" and in his capacity as the president of Highlands, signed the contract with Makwa, and that the contract contained a provision requiring the parties to arbitrate their disputes. Highlands argues not that Dr. Fries was unauthorized to enter into the contract with Makwa but rather that the Board has "exclusive authority to sue or be sued" and "did not, and as a matter of law, could not, delegate to Dr. Fries" that authority. At the hearing in the district court on Makwa's motion to compel arbitration, Highlands framed the issue as follows:

11

> The issue is not[,] as [Makwa] responded, the authority of Dr. Fries to enter into the contract. It is the authority of Dr. Fries to bind [Highlands] to arbitration. . . . So the question actually is . . . whether Dr. Fries had the authority to bind [Highlands] to arbitration, not whether he had the authority to sign the contract.

The problem with Highlands' argument is that it ignores well-established law that an agreement to arbitrate is nothing more than a right for which parties may bargain under a contract, i.e., that the authority to contract includes the authority to agree to arbitration as the method of dispute resolution. *See Castillo v. Arrieta*, 2016-NMCA-040, ¶ 15, 368 P.3d 1249, *cert. denied*, ___-NMCERT-___ (No. S-1-SC-35772, March 23, 2016) ("Arbitration agreements are contracts enforceable by the rules of contract law." (alteration, internal quotation marks, and citation omitted)); *see also Christmas v. Cimarron Realty Co.*, 1982-NMSC-079, ¶ 7, 98 N.M. 330, 648 P.2d 788 ("Arbitration is a contractual remedy for the settlement of disputes by extrajudicial means.").

{17}    Highlands incorrectly equates what it describes as the "right to choose the method or forum for the resolution of legal disputes arising under the [c]ontract" with what it argues is the Board's exclusive (i.e., non-delegable) "power to sue or be sued[.]" But here, the very act of entering into a written contract with Makwa is what waived Highlands' immunity (i.e., allowed it to "be sued"), *see* § 37-1-23(A) (providing that "[g]overnmental entities are granted immunity from actions based on

12

contract, except actions based on a valid written contract"), and Highlands fails to explain how the selection of arbitration as the agreed-to dispute resolution method in any way implicates or unlawfully usurps the Board's assertedly exclusive "power to sue or be sued." Moreover, Highlands points to no authority to support its suggestion that only the Board itself—not Dr. Fries—had the authority to bind Highlands to arbitration, or that the Board would have had to separately and specifically grant Dr. Fries the authority to bind Highlands to arbitration. This Court has, in fact, previously rejected a similar argument. *See Barron v. Evangelical Lutheran Good Samaritan Soc.*, 2011-NMCA-094, ¶¶ 26-28, 49, 150 N.M. 669, 265 P.3d 720 (discussing California cases that "support the view that an agent's authority to bind a principal to arbitration does not have to be specifically or separately granted" and holding, in keeping with that view, that the district court erred in denying the defendant's motion to compel arbitration where the person who signed the agreement containing the arbitration clause had the authority to do so).

{18} Given that it is undisputed that Dr. Fries was authorized to sign the contract, that Dr. Fries indeed signed the contract, and that the contract Dr. Fries signed contained an unambiguous requirement that the parties resolve their disputes by arbitration—i.e., that an agreement to arbitrate was formed—there are no genuine issues of fact to resolve in order to determine the validity and enforceability of the

13

contract. *Cf. DeArmond v. Halliburton Energy Servs., Inc.*, 2003-NMCA-148, ¶¶ 4, 8-10, 23, 134 N.M. 630 (holding that where one party challenged the very existence of an arbitration agreement and established an absence of proof that an agreement was ever formed for lack of acceptance and mutual assent, the district court erred by compelling arbitration without first resolving the factual dispute regarding formation). We thus hold that the district court properly granted Makwa's motion to compel arbitration.

**CONCLUSION**

{19}     For the foregoing reasons, we quash Highlands' interlocutory appeal and affirm the district court's order granting Makwa's motion to compel arbitration.

{20}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**STEPHEN G. FRENCH, Judge**