This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KIMBERLY B. FEINBERG,**

Petitioner-Appellee,

v.                                                              **NO.   30,974**

**ROBERT H. FEINBERG,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Armand T. Carian
Albuquerque, NM

for Appellee

Law Office of Peter H. Johnstone, P.C.
Peter H. Johnstone
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Respondent seeks to appeal from an order of the district court that purports to

be final as to spousal support issues and child support issues, but which sends the spousal support arrearage calculation to arbitration. We issued a notice of proposed summary disposition, proposing to dismiss the appeal for lack of a final appealable order. Respondent has filed a memorandum in opposition in response to our notice. We have considered Respondent's memorandum in opposition and it does not persuade us that our proposed analysis was incorrect. We, therefore, dismiss.

Our notice expressed several concerns about the lack of finality in the order from which Respondent has sought to appeal. First, we noted that although the district court seemed to believe that its order was final when it sent the spousal support arrearage issue to arbitration, we were concerned that under the circumstances that would not be the court's final deliberative action in the proceeding. *Compare Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815-16, 907 P.2d 994, 996-97 (1995) (holding that compelling arbitration of the parties' uninsured motorist dispute is the final deliberative action of the district court in this insurance case) *with Edward Family Ltd. P'ship v. Brown*, 2006-NMCA-083, ¶¶ 8-9, 140 N.M. 104, 140 P.3d 525 (holding that referring a matter to arbitration was not final because the court would not divest itself of the power to further rule on the case and the case could return to the district court to approve the resolution or resolve remaining claims). We noted that the district court would not lose authority over any ongoing child custody and spousal

support issues; it would have to approve the resolution; and it could affect the other issues over which the court has ongoing jurisdiction. Respondent's response to our notice does not address the substance of this proposed analysis and therefore does allay our concerns. As a result, we hold that the district court's temporary referral of spousal support arrearages did not divest the court of power to rule further in the matter and, therefore, the order is not final on those grounds.

Second, we noted that Respondent has filed a previous appeal to this Court from an order of the district court which determined Respondent's child support obligation and ruled that spousal support should remain as is. The order also noted that there were arrearages in the spousal support obligation, which the parties were to resolve within thirty days of the order. [RP 165-67] This Court dismissed Respondent's appeal as nonfinal because the district court did not fully resolve all the spousal support issues and the order did not contain the certification language under Rule 1-054(B)(1) NMRA. [RP 240-42] Since we issued mandate, the district court entered the current order at issue. The order does not seem to resolve anything more than the previous order because it again does not resolve the spousal support arrearage matter; this time sending it to arbitration instead of ordering the parties to resolve it. [RP 243-44]

We expressed concern that the current order simply tries to make the previous

3

order final without a full resolution of the spousal support issues and without using the requisite certification language we referred to in our previous dismissal. In response to our notice, Respondent has not obtained from the district court an order with the proper certification language under Rule 1-054(B)(1) and he has not clearly explained why the district court's current order has resolved more than its previous order. Alternatively, Respondent has not explained why we should accept the language in the current order as sufficient with an explanation of why the current order has resolved more than the previous order. As a result, Respondent has given this Court no reason to believe that there is sufficient distinction between the proceedings at the time of Respondent's previous appeal and this appeal to justify a different result in this case.

Third, we expressed concern about whether certification for immediate appeal in this case would be proper because it seemed that the issues were intertwined. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 20, 125 N.M. 680, 964 P.2d 844 (stating that a district court may abuse its discretion in certifying its judgment under the rule where "the issues decided by the judgment are intertwined, legally or factually, with the issues not yet resolved, or when resolution of the remaining issues may alter or revise the judgment previously entered"). We expressed concern that the spousal support issues could be intertwined with the child support issues, in light of Respondent's

4

argument that modifying child support is triggered by a motion to modify spousal support. Respondent has not clarified for us why the issues are interrelated in the marital settlement agreement, but are not intertwined for purposes of appeal.

For these reasons and those stated in our notice, Respondent has not persuaded us that the district court's order is properly before us on appeal.

Lastly, we do not agree with Respondent that we are prohibiting Respondent from ever obtaining review of the district court's rulings. Respondent can obtain an order from the district court with the proper language certifying the matter for immediate appeal and can make a persuasive argument for why the certification was proper. Without this showing in the current appeal, however, we dismiss for lack of a final, appealable order.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**

5