2003-NMCA-064

69 P.3d 238

**William John COLLIER and Irene S.
Collier, Plaintiffs–Appellants,**

**v.**

**Arlin PENNINGTON, individually and
d/b/a Enchanted Log Homes of New
Mexico, Defendant–Appellee.**

**No. 23,149.**

Court of Appeals of New Mexico.

March 4, 2003.

Barry D. Williams, James T. Reist, Krehbiel, Bannerman & Williams, P.A., Albuquerque, NM, for Appellants.

Martin E. Threet, Joey B. Wright, Martin E. Threet & Associates, Clayton Fisher Childs, Albuquerque, NM, for Appellees.

## OPINION

CASTILLO, Judge.

{1} In this case, we are faced with an issue of first impression concerning the finality for purposes of appeal of a district court's order that refers some, but not all, of the causes of action between the parties to arbitration. We hold that such orders may be appealed as of right if they meet the usual tests for finality of orders. Applying that holding to this case, we hold that the order is not final. Therefore, we dismiss the appeal as premature.

## BACKGROUND

{2} In late 1999, William John and Irene Collier (Homeowners) entered into a contract with Enchanted Log Homes of New Mexico for the purchase and construction of a log home. The contract was signed by Homeowners and by Arlin Pennington, President of Enchanted Log Homes of New Mexico. The contract included a clause requiring arbitration of "[a]ny controversy or claim arising out of or related to this contract, or the breach thereof." Because the contract was signed in 1999, it is subject to the provisions of the Uniform Arbitration Act of 1971, NMSA 1978, §§ 44–7–1 to –22 (1971). The construction and purchase was financed by a local bank. As is typical of construction loans, the loan was set up so that Pennington could draw against the loan amount as construction proceeded.

{3} Unfortunately, a number of disputes developed between Homeowners and Pennington. Ultimately, Homeowners told the bank to stop disbursing funds to Pennington. Pennington then sent Homeowners a letter notifying them that in his view, they had breached their contract by telling the bank to stop disbursing funds to him. The letter further stated that Pennington was invoking the arbitration clause of the contract and would not do any more work on the home until the disputes between the parties were resolved. In addition, Pennington filed a lien against the home for the money he contended he was due.

{4} Homeowners filed suit in district court against Pennington, individually and d/b/a Enchanted Log Homes of New Mexico.[1] Homeowners' complaint alleged ten causes of action against Pennington individually or against Pennington doing business as Enchanted Log Homes of New Mexico or both. In addition, Homeowners filed a motion to stay the arbitration proceeding arguing that Pennington d/b/a Enchanted Log Homes of New Mexico failed to timely and properly invoke the arbitration clause. Ultimately, the district court entered an order that denied the motion to stay, sent some causes of action to arbitration, and retained others for resolution. Specifically, the district court referred to arbitration Homeowners' causes of action against Pennington d/b/a Enchanted Log Homes of New Mexico for (1) cancellation of the lien against the home, (2) slander of title, (3) fraud as it related to the construction contract, (4) bad faith breach of contract, and (5) quantum meruit. The district court did not refer for arbitration the causes of action against Pennington d/b/a Enchanted

---

1. The complaint also alleged several causes of action against Prime Credit America, Inc., a corporation allegedly owned and controlled by Pennington that was to obtain the construction and permanent financing for the home. However, those causes of action are not germane to the issues concerning the appealability of the order at issue.

Log Homes of New Mexico for (1) fraud with respect to the loan contract, (2) breach of fiduciary duties, or (3) conversion. In addition, the district court did not refer for arbitration any of the nine causes of actions against Pennington individually for (1) removal of the lien, (2) slander of title, (3) fraud, (4) unfair trade practices, (5) quantum meruit, (6) breach of fiduciary duties, (7) conversion, (8) prima facie tort, or (9) negligence. Later, Pennington filed an answer and counterclaim. In pertinent part, the answer raised the affirmative defense that Pennington individually was not a proper party to the suit. Without waiving that defense, the counterclaim alleged causes of action by Pennington individually for (1) foreclosure of the lien, (2) fraud, (3) quantum meruit for work done pursuant to alleged change orders, and (4) prima facie tort. The record does not indicate if Homeowners or Pennington have asked the district court to refer to arbitration any of the counterclaims and, thus, we assume that they have not been referred to arbitration.

{5} At some point Homeowners determined that Enchanted Log Homes of New Mexico was not incorporated or licensed as a contractor. In fact, the entity that applied for the license was Systems Technology, Inc. d/b/a Enchanted Log Homes, Inc. The contractor's license was issued to Enchanted Log Homes, Inc., which is not incorporated. Systems Technology, Inc. is incorporated. Based on this information, Homeowners filed a second motion to cancel arbitration. In their motion, Homeowners argued the contract and its arbitration clause were unenforceable because (1) the contract was entered into by a non-existent corporation; (2) Enchanted Log Homes of New Mexico lacks standing to arbitrate; and (3) the contract is unenforceable because the contractor's license is void and the purported contractor, Enchanted Log Homes of New Mexico or Systems Technology, Inc., is not licensed.

{6} After briefing, the district court entered an order denying Homeowners' motion to cancel arbitration and compelling the parties to proceed with arbitration. The order was entered on April 18, 2002. We refer to this as the April 2002 order.

{7} On appeal, we granted a temporary stay of the arbitration proceedings and asked the parties to submit simultaneous briefs on several questions, including the question of whether the April 2002 order was final for purposes of appeal. We raised this question on our own motion because it affects whether this Court has jurisdiction to hear the appeal. *Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815, 907 P.2d 994, 996 (1995) (raising sua sponte whether the district court's order was final because the Court lacks jurisdiction to review on appeal a non-final order). Based on the briefs, this Court issued a notice of proposed summary disposition, proposing to hold that the April 2002 order was not final and therefore could not be appealed as of right to this Court at this time. Homeowners filed a memorandum in opposition to the proposed disposition. Not being persuaded by the arguments, we hold that the April 2002 order is not final. Consequently, we dismiss the appeal as premature.

## DISCUSSION

### Section 44–7–19(A)

{8} Pennington contends that the April 2002 order is not appealable because it is not listed as an order from which an appeal may be taken under the version of the Uniform Arbitration Act in effect at the time the contract was signed. *See* § 44–7–19. We recognize that some states have treated the list of orders in Section 44–7–19(A) as an exclusive list of the orders that can be appealed. *See, e.g., Hodes v. Comprehensive Health Assocs., P.A.*, 9 Kan.App.2d 36, 670 P.2d 76, 77–78 (1983); *Maietta v. Greenfield*, 267 Md. 287, 297 A.2d 244, 246–48 (1972), *superceded by statute as stated in Horsey v. Horsey*, 329 Md. 392, 620 A.2d 305, 311 (1993); *State ex rel. MCS Bldg. Co. v. KKM Med.*, 896 S.W.2d 51, 52–53 (Mo.Ct.App. 1995); *Clark County v. Empire Elec., Inc.*, 96 Nev. 18, 604 P.2d 352, 353 (1980). However, our Supreme Court has held that an order referring a matter to arbitration is final for purposes of appeal. *Britt*, 120 N.M. at 815, 907 P.2d at 996. Thus, we decline to read Section 44–7–19(A) as an exclusive list of orders that may be appealed.

***Britt* and *Lyman***

{9} Homeowners contend that the April 2002 order is a final, appealable order under *Britt* and *Lyman v. Kern*, 2000–NMCA–013, ¶¶ 7–15, 128 N.M. 582, 995 P.2d 504. *Britt* and *Lyman*, however, are distinguishable. In *Britt*, the plaintiff filed a declaratory judgment action asking the district court to make three determinations. The district court's order completely resolved the first two issues and referred the third issue to arbitration. *Britt*, 120 N.M. at 815, 907 P.2d at 996. The Supreme Court raised the finality issue on its own motion and decided that the order was final because the referral to arbitration was the last deliberative act of the district court on the third issue. *Id.* at 815–16, 907 P.2d at 996–97. Further, the other issues raised in the *Britt* complaint had been fully resolved by the district court. Thus, if the portion of the order referring the matter to arbitration was considered final, the district court had resolved all the issues it had been asked to resolve. *Id.* Similarly, in *Lyman*, all the issues between the parties were referred to binding arbitration. *Lyman*, 2000–NMCA–013, ¶ 9, 128 N.M. 582, 995 P.2d 504. Thus, we determined that *Lyman*'s order was a final order under the reasoning in *Britt* and held that an attempt to appeal the order several months later was not timely.

{10} By contrast, even if the order referring some causes of action to arbitration is final as to those causes of action, this case differs from *Britt* and *Lyman* because there are still causes of action pending in district court against Pennington individually and Pennington d/b/a Enchanted Log Homes of New Mexico. Unlike *Britt* and *Lyman*, there are still outstanding issues to be resolved in the district court.

**Rule 1–054(B)**

■ {11} We specifically asked the parties to brief the question of whether Rule 1–054(B) NMRA 2003 applies to this order and, if so, whether the order is final under that Rule. *See Britt*, 120 N.M. at 815, 907 P.2d at 996. We need not address Rule 1–054(B)(2) as Homeowners, in their brief, acknowledge that the April 2002 order is not final under this subsection because it does not "adjudi-cat[e] all issues as to one or more, but fewer than all parties." We therefore limit our attention to Rule 1–054(B)(1) which reads as follows:

> **B. Judgment upon multiple claims or involving multiple parties.**
>
> (1) Except as provided in Subparagraph (2) of this paragraph, when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

The term "claim" as used in the rule has a technical meaning that is determined by a modified transaction-oriented analysis. *Sundial Press v. City of Albuquerque*, 114 N.M. 236, 241–42, 836 P.2d 1257, 1262–63 (Ct.App. 1992). Thus, in this context, "claim" cannot be treated as synonymous with "cause of action."

■ {12} By statute, this Court has jurisdiction over appeals from district courts in civil actions from "any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights." NMSA 1978, § 39–3–2 (1966). Similarly, Section 44–7–19(B) provides that "[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." Reading these statutes together because they are in pari materia, we think that the plain meaning of the language indicates that the legislature intended that orders made under the Uniform Arbitration Act of 1971 be no more or less appealable than any other orders in civil actions. *See State v. Ogden*, 118 N.M. 234, 243, 880 P.2d 845, 854 (1994) ("[S]tatutes in pari materia[ ] should be read together to ascertain legisla-

tive intent."). Thus, we think that Rule 1–054(B)(1) applies to the April 2002 order.

{13} Homeowners recognize that the April 2002 order is not final under Rule 1–054(B)(1) because it does not expressly state that there is no just reason for delay and direct that judgment be entered. However, they argue that the April 2002 order should be treated as final because an order referring matters to arbitration is not really subject to revision later on, as contemplated by the second sentence of Rule 1–054(B)(1). The second sentence of Rule 1–054(B)(1) relates to revisions of orders before entry of judgment. It states that any order or decision of the district court that adjudicates fewer than all of the claims in a case shall not terminate the action as to any of the claims and further clarifies that the district court retains the power to revise such order or decision any time before entry of judgment. This language does not make final those orders or decisions not subject to revision later on but rather specifically allows the district court to revise orders before reaching final judgment. Further, any judgment in this case is still dependent on the district court's resolution of those counts not referred to arbitration as well as the counterclaims and defense contained in the answer. There is no way to know how decisions regarding one part of the case will affect other parts of the case. Homeowner's reliance on language in the second sentence of Rule 1–054(B)(1) is misplaced.

{14} In their memorandum in opposition, Homeowners point out that once the arbitration award is made, the range of issues that the district court can consider with respect to the award is severely limited by statute. Based on this observation, Homeowners contend that our holding today effectively prevents appellate review of the district court's determination that the contract and its arbitration provision are enforceable. Homeowners are mistaken. At the time this appeal was taken, none of the causes of action had been resolved. *Cf. Britt,* 120 N.M. at 815–16, 907 P.2d at 996–97; *Lyman,* 2000–NMCA–013, ¶ 9, 128 N.M. 582, 995 P.2d 504. Once a final order or judgment is entered in this case, Homeowners will be entitled to appeal and may argue in that appeal that the district court erred in determining that the contract or its arbitration clause was valid or enforceable. Homeowners argue that this procedure forces them to undertake the time and expense of an arbitration proceeding that may not be necessary. However, this is no different from any situation in which a district court makes a determination in a civil action that will affect the course of future proceedings. In such a situation, the party who feels the determination is erroneous may ask the district court to certify and this Court to accept an interlocutory appeal. NMSA 1978, § 39–3–4 (1999). Failing that, the party must proceed with the litigation until a final judgment is entered.

{15} In summary, we hold that when an order concerning arbitration is not one of the orders listed in Section 44–7–19(A) and does not fully resolve all the claims as to any one party, the question of whether it is immediately appealable as of right depends on whether the order is final. Finality must be determined by applying the general law concerning finality of judgments in civil cases, including Rule 1–054(B)(1). An order that refers all the claims between the parties to arbitration is final and immediately appealable. *Lyman,* 2000–NMCA–013, ¶ 9, 128 N.M. 582, 995 P.2d 504. An order that fully resolves some claims and refers the rest of the claims to arbitration is final and immediately appealable. Rule 1–054(B)(2); *Britt,* 120 N.M. at 815–16, 907 P.2d at 996–97. However, an order that sends some of the claims to arbitration and retains other claims for resolution by the district court without finally resolving any of the claims between the parties is not final unless the district court certifies it under Rule 1–054(B)(1) by determining that there is no just reason for delay and directing that judgment be entered. Moreover, the district court's determination under Rule 1–054(B)(1) will be reviewed by this Court and may be reversed if the claims certified for appeal are intertwined with the claims still awaiting resolution in district court. *See Khalsa v. Levinson,* 1998–NMCA–110, ¶¶ 20–21, 125 N.M. 680, 964 P.2d 844 (holding that the district court abused its discretion by certifying an order for immediate appeal when the issues

resolved by the order were intertwined with issues not yet resolved by the district court).

## CONCLUSION

{16} For the reasons above given, Home-owners' appeal is **DISMISSED** as premature. The stay of arbitration proceedings previously entered in this case is **DISSOLVED**.

{17} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge and MICHAEL D. BUSTAMANTE, Judge.