This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**EARL JONES,**

Plaintiff-Appellant,

v.                                     **No. 30,333**

**HEIDEL, SAMBERSON, NEWELL,
COX & MCMAHON,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Thomas A. Rutledge, District Judge**

Earl Jones,
Hobbs, NM

Pro Se Appellant

Butt, Thornton & Baehr
Alfred L. Green, Jr.
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**SUTIN, Judge.**

In this legal malpractice case, Plaintiff Earl Jones appeals from the order of dismissal with prejudice, granting Defendant Heidel Law Firm summary judgment and dismissing the case with prejudice. [RP 120] Summary judgment was granted on the basis that Plaintiff's claim for legal malpractice was filed outside the statute of limitations.

The calendar notice proposed to dismiss the appeal for lack of a final order. [Ct. App. File] Plaintiff has filed a memorandum in opposition that we have duly considered. [MIO]   Unpersuaded, however, we dismiss.

**DISCUSSION**

"Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. "Determining whether [an] appeal was timely involves the interpretation of court rules, which we review de novo." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865.

The order of dismissal was filed on January 19, 2010. [RP 120] Plaintiff's notice of appeal was filed on March 2, 2010. [RP 153] While Plaintiff filed the notice of appeal more than thirty days after the order of dismissal (*see* Rule 12-201(A)(2) NMRA), on January 19, 2010, Plaintiff filed a timely post-judgment motion entitled

"motion for reversal to court's orders of dismissal with prejudice on Defendant's motion for summary judgment and Defendant's memorandum in support of summary judgment" (Plaintiff's motion). [RP 115-19] Pursuant to Rule 12-201(D), Plaintiff's motion extends the time for filing the notice of appeal until thirty days after the post-judgment motion has been ruled upon.

Although the order of dismissal was filed on the same day as Plaintiff's motion and approximately one half hour thereafter, the order of dismissal cannot be considered to be a ruling on Plaintiff's motion. The order of dismissal refers only to the hearing held on January 7, 2010, on Defendant's motion for summary judgment, and it only grants Defendant's motion for summary judgment. [RP 120] Moreover, on February 3, 2010, Defendant filed a response in opposition to Plaintiff's motion. [RP 125] Thus, there is no indication in the record proper that the district court has ruled on Plaintiff's motion.

The district court was required to rule on the post-judgment motion, and it was not deemed denied by the passage of time. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 15, 142 N.M. 527, 168 P.3d 99 (holding that changes to the Rules of Civil Procedure eliminated the automatic denial of post-judgment motions). The fact that the district court has not yet ruled on Plaintiff's motion renders the order of dismissal non-final and Plaintiff's appeal premature. *See*

*Grygorwicz*, 2009-NMSC-009, ¶ 8 (recognizing in the context of a foreclosure judgment that when a party makes a motion challenging the judgment, the judgment is not final until the district court rules on the motion); *see also* Rule 12-201(D) (providing that if a party files a timely post-judgment motion as set forth therein, the time for filing a notice of appeal begins to run from entry of an order disposing of the motion).

Thus, this Court's calendar notice proposed to dismiss the appeal. Plaintiff's memorandum does not indicate that the district court has ruled on the motion for reconsideration, but urges this Court to consider the merits of his appeal any way. [MIO 2-3] This Court does not have jurisdiction to do so. *See, e.g.*, *Collier v. Pennington*, 2003-NMCA-064, ¶ 7, 133 N.M. 728, 69 P.3d 238 (discussing that this Court lacks jurisdiction to review a non-final order).

**CONCLUSION**

Accordingly, we dismiss Plaintiff's appeal.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

4

**CELIA FOY CASTILLO, Judge**

_____

**RODERICK T. KENNEDY, Judge**