This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ANITA JEAN RUDOLPH,**
**DECEASED, BY THE PERSONAL**
**REPRESENTATIVE OF THE**
**WRONGFUL DEATH ESTATE,**
**PAUL RUDOLPH,**

Plaintiff-Appellee,

**v.** No. 33,195

**MANOR ESTATES INC., D/B/A**
**PRINCETON PLACE; PRINCE &**
**LUFFEY, LLC, D/B/A PARAMOUNT**
**HEALTHCARE CONSULTANTS;**
**and DANNY PRINCE,**

Defendants-Appellants,

**and**

**WW HEALTHCARE, LLC;**
**HORACE WINCHESTER; and**
**JERRY WILLIAMSON,**

Defendants,

**and**

**WW HEALTHCARE, LLC;**
**HORACE WINCHESTER; and**
**JERRY WILLIAMSON,**

Third-Party Plaintiffs,

v.

**IRONSHORE SPECIALTY INSURANCE COMPANY, a foreign insurance company, and VAN GILDER INSURANCE CORPORATION, a foreign insurance company,**

Third-Party Defendants,

**and**

**IRONSHORE SPECIALTY INSURANCE COMPANY,**

Counterclaimant and Fourth-Party Plaintiff,

**v.**

**WW HEALTHCARE, LLC; HORACE WINCHESTER; JERRY WILLIAMSON; AND MANOR ESTATES, INC.,**

Counterdefendants and Fourth-Party Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Harvey Law Firm, LLC
Jennifer J. Foote
Dusti D. Harvey
Albuquerque, NM

for Appellee

Frank Alvarez

Dallas, Tx

Hermes Sargent Bates, LLP
Kimberly A. Wilson
Christina Gratke Nason
Dallas, TX

for Appellants Manor Estates, Inc. Horace Winchester,
Danny Prince, Prince & Luffey

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Spencer L. Edelman
Michelle A. Hernandez
Albuquerque, NM

for Defendant WW Healthcare, LLC

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Seth Sparks
Sandra L. Beerle
Tyler M. Cuff
Jocelyn Drennan
Albuquerque, NM

for Third-Party Defendant Van Gilder Ins. Corp.

Bauman, Dow, McIntosh & Leon, P.C.
Mark C. Dow
Albuquerque, NM

for Third-Party Plaintiff Jerry Williamson

Civerolo, Gralow, Hill & Curtis, P.A.
Lisa Entress Pullen
Albuquerque, NM

for Counterclaimant/Fourth-Party Plaintiff
Ironshore Specialty Insurance Company

# MEMORANDUM OPINION

**FRY, Judge.**

{1}    Defendants appeal from the district court's order denying their motion to dismiss and to compel arbitration. We issued a notice of proposed summary disposition, proposing summary reversal, on the grounds that *Estate of Krahmer ex rel. Peck v. Laurel Healthcare Providers, LLC*, 2014-NMCA-001, ¶¶ 11, 13, 315 P.3d 298, holds that the New Mexico Wrongful Death Act binds a representative of the estate to arbitrate if the arbitration agreement would have bound the decedent to arbitrate his or her claims. We recognized that the district court's order addressed Plaintiff's remaining claims for relief from the arbitration agreement, even though it did not need to do so. Because we were not persuaded that the district court's order finally resolved those issues, however, we proposed to remand for further proceedings.

{2}    In response to our notice, Plaintiff agrees with this Court's proposed disposition and requests that this Court remand for the district court to make final determinations regarding the enforceability of the arbitration clause. [Plaintiff's Response 2-3] Defendants also filed a response to our notice, agreeing that the district court's order should be reversed based on the holding in *Krahmer* and agreeing that the remaining issues surrounding the arbitrability of Plaintiff's claims were not finally resolved,

[MIO 1-2, 8-9] except for one. [MIO 2-8] Defendants ask that we address that issue now and reverse the district court on that issue, also. [MIO 2-8] We are not persuaded to address the issue now. We reverse on the basis of *Krahmer* and remand for the district court to enter a final order resolving all the remaining claims regarding the enforceability and/or applicability of the arbitration agreement.

{3}     In their response to our notice, Defendants explain why they believe the district court's ruling—that Plaintiff's personal injury claims resulting from rape fall outside the scope of the arbitration agreement—is final as to that claim and why they believe the ruling was in error. [MIO 2-8] Defendants do not, however, explain why they believe we should reach out to that issue now when all of Plaintiff's remaining claims regarding the enforceability of the arbitration agreement have not been finally resolved.

{4}     Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Executive Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 5, 125 N.M. 78, 957 P.2d 63 (internal quotation marks and citation omitted). It is clear that in this case the district court did not finally resolve whether Plaintiff's claims should be arbitrated. Even assuming that Defendants are correct that the district court conclusively determined that Plaintiff's personal injuries claim does not fall

within the arbitration agreement, it is undisputed that the district court has not resolved whether the arbitration agreement is substantively or procedurally unconscionable or whether it is grounded in mutual assent. The district court did not include language in its order expressly ruling that its judgment is final as to Plaintiff's personal injury claim and that there is no just reason to delay an immediate appeal therefrom, as is required under Rule 1-054(B)(1) NMRA. *Cf. Collier v. Pennington*, 2003-NMCA-064, ¶ 15, 133 N.M. 728, 69 P.3d 238 (stating that "an order that sends some of the claims to arbitration and retains other claims for resolution by the district court without finally resolving any of the claims between the parties is not final unless the district court certifies it under Rule 1-054(B)(1) by determining that there is no just reason for delay and directing that judgment be entered").

{5}     While we recognize that it could be argued that the district court had no cause to include language required by Rule 1-054(B)(1) in its order, because the order denied the motion to compel arbitration on other grounds, we also recognize that the district court had no cause to reach the alternative, remaining issues at all. If the district court reached those issues in anticipation that its ruling under *Krahmer* might be reversed, then it also anticipated appellate review and chose not to include language expressly stating that any of the alternative grounds for relief from the arbitration agreement should be reviewed immediately.

{6}    In any event, we believe that it would have been error to certify the issue regarding the arbitrability of Plaintiff's personal injury claim because it is intertwined with the unresolved issues—in that it could be mooted by a final judgment on the remaining issues—and it could result in piecemeal appeals. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶¶ 20-21, 125 N.M. 680, 964 P.2d 844 (holding that even where a district court exercises its discretion to make its ruling final under Rule 1-054(B)(1), we will hold that the district court abused its discretion in doing so where the issues are intertwined with unresolved claims and deny appellate review as premature). Our notice contemplated an argument from Defendants that the district court may have entered final rulings on some but not all of the alternative issues surrounding the arbitrability of Plaintiff's claims that we may review now. We proposed to disagree that the rulings were final, and we also relied on our long-standing policies against piecemeal appeals and facilitating meaningful appellate review of rulings based on a sufficiently developed record. *See, e.g.*, *Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶¶ 8-10, 148 N.M. 616, 241 P.3d 617 (discussing the policy against piecemeal appeals and the need to balance judicial economy with the facilitation of meaningful appellate review based on a sufficiently developed record). Defendants have not made any compelling argument in response to our concern about finality and judicial efficiency.

7

{7}    In the absence of certifying language from the district court, and without compelling argument from Defendants about why immediate review of the district court's ruling is appropriate under the circumstances, we decline to address the merits of the district court's alternative ruling on only one of Plaintiff's multiple claims.

{8}    For the reasons set forth in the notice, we reverse the district court's denial of Defendants' motion to compel arbitration on the basis that the New Mexico Wrongful Death Act binds a representative of the estate to arbitrate if the arbitration agreement would have bound the decedent to arbitrate his or her claims under *Krahmer*, 2014-NMCA-001, ¶¶ 11, 13. We do not decide Defendants' remaining issues and remand for further proceedings on those matters.

{9}    **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**