This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37420

ARTHUR BUSTOS, Wrongful Death
Personal Representative for the ESTATE
OF JESUS OROZCO; and ODILIA
OROZCO, JESSE OROZCO, and GRACE
OROZCO, in their individual capacities,

       Plaintiffs-Appellants,

v.

CLOVIS HEALTHCARE &
REHABILITATION CENTER, LLC,
a Delaware limited liability company;
DEDRA MARTIN; SONYA RETTING;
SANDRA ANDERSON; NURSES
JOHN and JANE DOE I-X; and JOHN
M. SHRADER, D.O.,

       Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY
Abigail Aragon, District Judge

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellants

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jocelyn Drennan
Kurt B. Gilbert
Albuquerque, NM

for Appellees

**M. ZAMORA, Judge.**

**{1}**     Plaintiffs seek reversal of the district court's order compelling arbitration between Plaintiffs and Defendants Clovis Healthcare & Rehabilitation Center LLC (Nursing Facility) and its individually named staff members. Plaintiffs sued the Nursing Facility, its staff members, and John M. Shrader D.O. for medical malpractice, spoliation of evidence, and wrongful death resulting from the death of Jesus Orozco. We dismiss Plaintiffs' appeal as premature, because the district court's order was not final.

**DISCUSSION**

**{2}**     It is compulsory for this Court to determine, prior to addressing the merits of the appeal, whether a case is properly before us. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 16, 101 N.M. 764, 688 P.2d 1268 ("It is within the province of this [C]ourt to determine whether we have jurisdiction."). Thus, "it is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. "[O]rders made under the Uniform Arbitration Act of 1971 [are] no more or less appealable than other orders in civil actions." *Collier v. Pennington*, 2003-NMCA-064, ¶ 12, 133 N.M. 728, 69 P.3d 238.

**{3}**     Defendants filed a motion to compel arbitration pursuant to the Federal Arbitration Act approximately two months after Plaintiffs filed their complaint. The motion was based on an arbitration agreement and power of attorney signed by Jesus Orozco's son, Jessie Orozco, at the time Jesus Orozco was admitted to the Nursing Facility. Plaintiffs subsequently filed an amended complaint to include Dr. Shrader, Jesus Orozco's attending physician who was not a party to the arbitration agreement, as a defendant.

**{4}**     The district court granted Defendants' motion to compel arbitration and stated, "The Admission Agreement is a valid contract and . . . Plaintiff failed to prove unconscionability; therefore, . . . Defendant's Motion to Compel Arbitration is GRANTED and this matter is STAYED pending arbitration." NMSA 1978, Section 44-7A-29 (2001) lists the types of arbitration orders and judgments from which a party may appeal. An order granting a motion to compel is not an enumerated order under Section 44-7A-29. "[W]hen an order concerning arbitration is not one of the orders listed in [NMSA 1978, Section 44-7-19(A) [(1971)][1] and does not fully resolve all the claims as to any one party, the question of whether it is immediately appealable as of right depends on whether the order is final." *Collier*, 2003-NMCA-064, ¶ 15; *See* Section 44-7A-29(A) ("An appeal may be taken from: (1) an order denying a motion to compel arbitration; (2) an order granting a motion to stay arbitration; (3) an order confirming or denying confirmation of an award; (4) an order modifying or correcting an award; (5) an order

---

1 NMSA 1978, Sections 44-7-1 to 44-7-22 (1971) were repealed by 2001 N.M. Laws, ch. 227 § 33, effective July 1, 2001. Appealable arbitration orders are now listed in Section 44-7A-29. *See* § 44-7A-29(A).

vacating an award without directing a rehearing; or (6) a judgment or decree entered pursuant to the Uniform Arbitration Act.").

**{5}** "An order referring issues to arbitration is a final, appealable order if it is the last deliberative action of the court with respect to the controversy before it." *Edward Family Ltd. P'ship v. Brown*, 2006-NMCA-083, ¶ 8, 140 N.M. 104, 140 P.3d 525 (internal quotation marks and citation omitted). In contrast,

> an order that sends some of the claims to arbitration and retains other claims for resolution by the district court without finally resolving any of the claims between the parties is not final unless the district court certifies it under Rule 1-054(B)(1) [NMRA (2001)] by determining that there is no just reason for delay and directing that judgment be entered.

*Collier*, 2003-NMCA-064, ¶ 15. Rule 1-054(B) (2001) has been amended since it was referenced in *Collier* now requiring certification language where either less than all claims or less than all parties have reached final resolution. The current version of Rule 1-054(B) provides:

> When an action presents more than one claim for relief, whether as a claim, counterclaim, cross[-]claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities.

**{6}** In the present case, the record indicates Plaintiffs' claims against Dr. Shrader are still pending in the district court despite its order compelling arbitration because those claims are not subject to arbitration. This is evidenced in the record by (1) Plaintiffs' counsel's statements that the arbitration order does not cover Dr. Shrader, and (2) Dr. Shrader's response to Plaintiff's motion to stay arbitration asserting he did not consent to staying discovery during the appeal, but would consent to not setting a trial date. Given that the claims against Dr. Shrader are still pending before the district court, and given that the district court did not certify that there is no just reason for delay, the district court's order compelling arbitration is not a final, appealable order.

## CONCLUSION

**{7}** For the reasons stated above, Plaintiffs' appeal is dismissed as premature.

**{8}** **IT IS SO ORDERED.**

M. MONICA ZAMORA, Judge

WE CONCUR:

LINDA M. VANZI, Judge

JULIE J. VARGAS, Judge