This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36694**

**JOEL M. YOUNG,**

Plaintiff-Appellant,

v.

**H. ADAM 'SKIP' FISHER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Joel M. Young
Bernalillo, NM

Pro Se Appellant

Felker, Ish, Ritchie, Geer & Winter, P.A.
Randoph B. Felker
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff Joel M. Young seeks reversal of the district court's order partially granting Defendant H. Adam 'Skip' Fisher's motion to compel arbitration between himself and Plaintiff. Plaintiff's complaint sought a declaratory judgment as to the enforceability of a shared water well contract as a whole and alleged claims for breach of the covenant of fair dealing and conversion. We dismiss Plaintiff's appeal as premature because the district court's order was not final.

**DISCUSSION**

**{2}** This Court must, prior to addressing the merits of an appeal, ascertain whether a given case is properly before us. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 16, 101 N.M. 764, 688 P.2d 1268 ("It is within the province of this [C]ourt to determine whether we have jurisdiction."). Thus, "it is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. "[O]rders made under the Uniform Arbitration Act of 1971 [are] no more or less appealable than any other orders in civil actions." *Collier v. Pennington*, 2003-NMCA-064, ¶ 12, 133 N.M. 728, 69 P.3d 238.

**{3}** Defendant filed his motion to compel arbitration pursuant to the water well agreement (Agreement) at issue, approximately three months after Plaintiff filed his complaint. The motion relied upon the Agreement entered into by the parties governing rights to the residential water well they shared. The district court partially granted Defendant's motion to compel arbitration, but also stated in its order that "the [c]ourt reserves ruling on any remaining pending issues and will rule on those issues once the arbitration ruling is made available to the [c]ourt and a party requests a ruling from the [c]ourt."

**{4}** NMSA 1978, Section 44-7A-29 (2001) lists the types of arbitration orders and judgments from which a party may appeal. But an order granting a motion to compel is not one of those enumerated under Section 44-7A-29. "[W]hen an order concerning arbitration is not one of the orders listed in Section 44-7-19(A)[1] and does not fully resolve all the claims as to any one party, the question of whether it is immediately appealable as of right depends on whether the order is final." *Collier*, 2003-NMCA-064, ¶ 15. "An order referring issues to arbitration is a final, appealable order if it is the last deliberative action of the court with respect to the controversy before it." *Edward Family Ltd. P'ship v. Brown*, 2006-NMCA-083, ¶ 8, 140 N.M. 104, 140 P.3d 525 (internal quotation marks and citation omitted). In contrast,

> an order that sends some of the claims to arbitration and retains other claims for resolution by the district court without finally resolving any of the claims between the parties is not final unless the district court certifies it under Rule 1-054(B)(1) [NMRA] by determining that there is no just reason for delay and directing that judgment be entered.

*Collier*, 2003-NMCA-064, ¶ 15.

**{5}** Here, the record indicates that the district court explicitly retained portions of this case for decision. The district court was unequivocal, orally and in writing, that this was a partial referral to arbitration, and granted Defendant's motion only in part. To this end, the district court's order is clear that it intended to retain jurisdiction over "any remaining pending issues." Thus, the district court's order does not indicate that it is the "last deliberative action of the court with respect to the controversy before it." *Britt v. Phoenix*

---

1 NMSA 1978, Sections 44-7-1 to -22 was repealed by Chapter 227, Section 33 of New Mexico Laws of 2001, effective July 1, 2001. Appealable arbitration orders are now listed in Section 44-7A-29.

*Indem. Ins. Co.*, 1995-NMSC-075, ¶ 7, 120 N.M. 813, 907 P.2d 994 (internal quotation marks and citation omitted).

**{6}** Once this case returns to the district court, that court may, but is not required to, determine that there are no further pending issues or claims and enter a final order that does not retain jurisdiction. In the alternative, the district court may enter an order containing certification language pursuant to Rule 1-054(B). Either of those courses of action would facilitate the possibility of an immediate appeal. The current order does not.

**CONCLUSION**

**{7}** For the reasons stated above, Plaintiff's appeal is dismissed. We note that if Plaintiff secures a final, appealable order from the district court, Plaintiff may file a motion with this Court, in lieu of a docketing statement, requesting that Plaintiff's appeal be returned to the general calendar and considered on the briefs that have already been submitted.

**{8}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**