This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38557

RACHEL DELGADO n/k/a RACHEL
DURAN,

      Petitioner-Appellant,

v.

DAVID DELGADO,

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Court Judge**

Rachel Duran
Las Cruces, NM

Pro Se Appellant

David Delgado
Las Cruces, NM

Pro Se Appellee

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Petitioner Rachel Duran appeals from the district court's denial of spousal support. For the reasons stated below, we reverse the district court and remand for further proceedings.

**{2}** This matter was assigned to the general calendar. Petitioner, who is pro se, filed her brief in chief, but Respondent failed to file an answer brief. The "Rules of Appellate Procedure do not require an answer brief to be filed; instead, where no brief is filed, the cause may be submitted upon the brief of the appellant." *Lozano v. GTE Lenkurt, Inc.*,

1996-NMCA-074, ¶ 30, 122 N.M. 103, 920 P.2d 1057. This matter was submitted to the undersigned panel of judges for a decision based on the brief in chief. *See* Order to Submit on Brief in Chief, *Duran v. Delgado*, A-1-CA-38557 (N.M. Ct. App. July 14, 2021).

**{3}**     Although we can tell that Petitioner challenges the denial of spousal support, Petitioner's brief in chief does not provide any specific points of error. We caution Petitioner that "[a]lthough pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *In re Camino Real Envtl. Ctr.,* 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (omission, internal quotation marks, and citation omitted). Nonetheless, given that Petitioner is self-represented, we review her arguments to the best of our ability. *See Ross v. Negron-Ross*, 2017-NMCA-061, ¶ 14, 400 P.3d 305. Petitioner appears to argue that the district court erred in ruling that its bifurcated divorce decree was a final order, and that such a determination resulted in the erroneous denial of Petitioner's request for spousal support. We agree.

**{4}**     On April 22, 2014, the district court entered a bifurcated divorce decree due to the high level of contention between Petitioner and Respondent. The bifurcated decree left several outstanding issues to be resolved, including child support, child custody, and the division of community property. It was silent on Petitioner's spousal support request. However, the bifurcated decree indicated that "[a]ny requested relief made by . . . Petitioner . . . or . . . Respondent . . . is deemed moot or denied." Four years after the entry of the bifurcated decree, the district court held a final hearing on the division of the marital estate and all other outstanding issues. At the hearing, Petitioner renewed her request for spousal support. The district court denied Petitioner's request. It found that the bifurcated decree was a final order, and relying on *Rhoades v. Rhoades*, 2004-NMCA-020, 135 N.M. 122, 85 P.3d 246, concluded that it lost jurisdiction over the issue since the decree did not reserve the issue of spousal support.

**{5}**     Prior to entry of the final judgment, Petitioner filed a motion to reconsider, arguing that *Rhoades* is distinguishable from the facts of this case, because in *Rhoades*, the district court made specific findings regarding spousal support, and a complete and final divorce decree was entered. After holding a hearing on the motion, the district court denied Petitioner's motion. According to the district court, the bifurcated decree was final, and so it only had the ability to modify or correct the decree prior to the expiration of time within which an appeal may be taken. *See* Rule 1-059(E) NMRA ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment."). The district court reasoned that because the period to modify or correct the bifurcated decree passed, it would only be able to consider awarding spousal support if, pursuant to *Rhoades*, the "marriage had lasted twenty years or more, and, the final decree was silent as to such support." Since the parties were married less than twenty years, the district court found that *Rhoades* was inapplicable, and concluded that it lost jurisdiction over the issue of spousal support.

**{6}** We review the award or denial of spousal support, as well as the denial of a motion to reconsider, for abuse of discretion. *See Hertz v. Hertz*, 1983-NMSC-004, ¶ 20, 99 N.M. 320, 657 P.2d 1169; *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 35, 148 N.M. 627, 241 P.3d 628. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). In reviewing for an abuse of discretion, we review the application of the law to the facts de novo. *See Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236. "Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Id.* (internal quotation marks and citation omitted).

**{7}** After due consideration, we conclude that the district court erred in ruling that the bifurcated decree was a final order, and thus abused its discretion in denying Petitioner's motion to reconsider and her request for spousal support on this basis. Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the [district] court to the fullest extent possible." *Zuni Indian Tribe v. McKinley Cnty. Bd. of Cnty. Comm'rs*, 2013-NMCA-041, ¶ 16, 300 P.3d 133. A district court may direct entry of a final judgment as to particular issues, but "only if the court expressly finds no just reason for delay." Rule 1-054(B) NMRA.

**{8}** The bifurcated decree left several outstanding issues to be resolved, including child support, child custody, and the division of community property. It did not specifically address spousal support. Nor does it have language certifying it as a final judgment pursuant to Rule 1-054(B). Our own review of the record reveals that numerous issues were left outstanding by the bifurcated decree, and as such it was not a final order. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 14, 101 N.M. 764, 688 P.2d 1268 (stating that "[w]hen a petition for dissolution of marriage is filed requesting relief in more than one area (divorce, custody, support, alimony, and property or any combination thereof), the court must adjudicate all issues raised by the pleadings or determine that there is no just reason for delay before its decision will be final enough to allow appellate review"). Our holding in *Rhoades* has no bearing on this case. In *Rhoades*, this Court held that "in cases in which the marriage lasted twenty or more years, the court must retain jurisdiction to consider spousal support when the final decree was silent as to such support." 2004-NMCA-020, ¶ 17. Here we do not have a final decree.

**{9}** Accordingly, the district court had the ability to modify or amend the bifurcated divorce decree before entry of a final order. *See* Rule 1-054(B) (providing that, absent language that there is "no just reason for delay," any order that adjudicates fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims"); *see also Collier v. Pennington*, 2003-NMCA-064, ¶ 13, 133 N.M. 728, 69 P.3d 238 (noting that the language of Rule 1-054(B) "specifically allows the district court to revise orders before reaching final judgment").

**{10}** For the foregoing reasons, we conclude the district court erred in finding that the bifurcated decree was a final order, and thus abused its discretion in denying Petitioner's motion to reconsider and her request for spousal support on this basis. We reverse and remand this case to the district court for proceedings consistent with this opinion.

**{11}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**